**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:  09-80656-CIV-Ryskamp**

JANE DOE No. 102,

                Plaintiff,

v.

JEFFREY EPSTEIN,

                Defendant,

_____/

**RESPONSE IN OPPOSITION TO MOTION TO PROCEED ANONYMOUSLY**

**AND**

**EPSTEIN'S MOTION TO COMPEL AND/OR IDENTIFY JANE DOE #102 IN THE STYLE OF THIS CASE AND MOTION TO IDENTIFY JANE DOE #102 IN THIRD-PARTY SUBPOENAS FOR PURPOSES OF DISCOVERY, WITH INCORPORATED MEMORANDUM OF LAW**

Defendant, JEFFREY EPSTEIN ("Epstein" or "Defendant"), by and through his undersigned attorneys, hereby files his Response In Opposition to Plaintiff, Jane Doe #102's Motion to Proceed Anonymously and files his Motion requesting that this Court enter an order identifying in the style of this case the complete legal name of the Plaintiff, JANE DOE #102 ("JANE DOE"), to substitute her complete legal name in this case in place of "JANE DOE" and, equally important, allowing Defendant to identify her in various subpoenas that Epstein must serve so Epstein can defend this case.  In support, Mr. Epstein states as follows:

1

## I. <u>Response In Opposition With Incorporated  Motion And Incorporated</u> <u>Memorandum Of Law</u>

### a.      <u>Background</u>

1.      On May 1, 2009, Plaintiff filed this action against Epstein. The Complaint (DE 1) alleges three causes of action against him:  Count I - Coercion and Enticement of a Minor to Engage in Prostitution or Sexual Activity Pursuant to 18 U.S.C. §§2255 and 2422(b); Count II – Cause of Action for Transportation With Intent to Engage in Illicit Sexual Conduct Pursuant to Pursuant to 18 U.S.C. §§2255 and 2423(a); Count III – Cause of Action for Travel with Intent to Engage In Illicit Sexual Conduct Pursuant to 18 U.S.C. §§2255 and 2423(b); Count IV – Coercion and Enticement of a Minor to Engage in Prostitution or Sexual Activity Pursuant to 18 U.S.C. §§2255 and 2422(a); Count V – Cause of Action for Transportation with Intent to Engage in Criminal Sexual Activity Pursuant to 18 U.S.C. §§2255 and 2421; Count VI – Cause of Action for Sexual Exploitation of Children Pursuant to 18 U.S.C. §§2255 and 2255; Count VII – Cause of Action for Transport of Visual Depiction of Minor Engaging in Sexually Explicit Conduct Pursuant to 18 U.S.C. §§2255 and 2252(a)(1)); Count VIII – Cause of Action for Transport of Child Pornography Pursuant to 18 U.S.C. §§2255 and 2252A(a)(1));

2.      Plaintiff alleges, among other things, that she is entitled to money damages pursuant to 2255 (in the wherefore clause), as well as actual and compensatory.

3.      Obviously, Plaintiff alleges separate counts against Mr. Epstein, on which he must conduct discovery to defend this case.  Therefore, for the reasons set forth herein, not only must JANE DOE'S Motion to Proceed Anonymously be

denied, but Epstein's Motion to Identify Jane Doe must be granted.   Despite Plaintiff's allegations in the Motion to Proceed Anonymously, this Court has not "allowed" any Plaintiff to proceed anonymously.   Quite simply, that is the way each Plaintiff chose to file each of their respective cases, all of which are currently being challenged in those other matters by Motion to Identify.

4.     Importantly, JANE DOE claims that she has and will suffer ". . .physical injury, pain and suffering, emotional distress, psychological and psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy, separation from her family   . . . , and medical and psychological expenses. . . , loss on income, loss of the capacity to earn income in the future, and loss of the capacity to enjoy life"   ¶¶28, Comp., DE 1; see also ¶¶36, 40, 44, 48, 52, 56, 61, 65,  and 69, Comp., DE 1.

5.     Epstein has a constitutional due process right to defend himself and to seek the production of information that will assist in his defense of the allegations in the Complaint.   In this case, Plaintiff's counsel intends on serving subpoenas on Plaintiff's treating physicians and other third parties.   Thus, this motion seeks not only a denial Plaintiff's Motion to Proceed Anonymously but  to identify JANE DOE in the style of this case and to identify JANE DOE in various third-party subpoenas for discovery purposes.

6.     The undersigned's experience in "Jane Doe" lawsuits is that once a Plaintiff is identified, other individuals come forward in the discovery phase with information which often directly contradicts allegations as to the events and

damages.  For instance, witnesses may testify that Plaintiff was paid by others for similar sexual acts she claims Mr. Epstein forced upon her or that she willingly participated in certain act(s) that would negate or lessen her damages. This goes directly to Plaintiff's damage claim.

7.     Likewise, subpoenas must be issued to third-party treaters and current and former employers, and those subpoenas will seek to obtain records related directly to Plaintiff's claims and her damages (i.e., her claim for severe and permanent traumatic injuries, including mental, psychological and emotional damages and loss of self-esteem as referenced above).   <u>Cherenfant v. Nationwide Credit, Inc</u>., 2004 WL 5315889 (S.D. Fla. 2004)(order allowing discovery of medical records consistent with Plaintiff's allegations in complaint). This too goes directly to Plaintiff's damage claims.  Medical providers, employers, co-employees, etc... have direct and relevant personal knowledge and observations regarding damages, i.e., emotional state, activities, self-esteem, etc....

8.     Fed.R.Civ.Pro. 26 allows for broad discovery.   Epstein is <u>not</u> required to rely solely on Plaintiff's discovery responses in defending this case, nor is Epstein required by any statute or law to rely only upon what Plaintiff may produce in discovery or may obtain from her own medical treaters through her counsel, and to then provide to Epstein only after Plaintiff has reviewed same.  In certain related state court actions involving Epstein, the undersigned offered to serve certain subpoenas on the medical treaters and other third-parties with full name, date of birth and Plaintiff's social security number (last four digits), but

agreed that the subpoenas filed with the clerk would be redacted. Several attorneys agreed to this procedure in those cases. In Federal Court, subpoenas are not filed with the clerk. Thus, in this matter, the undersigned offered to serve the third-party subpoenas with plaintiff's full name, date of birth and social security number (last four digits) and would agree to redact any identifying information on any documents filed with this court if that ultimately became necessary.

9.     Moreover, when an order from the court is attached to the Subpoena, treaters and other third parties produce the records and show up to the depositions with the records requested because the deponent knows what to bring by virtue of knowing the identity of the Plaintiff.

10.     Epstein's counsel intends to serve and depose witnesses duces tecum. If Epstein is not permitted to identify JANE DOE (thus allowing her to proceed anonymously), how will any deponent know who the parties are and what to bring to the deposition pursuant to the duces tecum? Further, how will Epstein be able to defend the claims. Just like the Plaintiff, Epstein is entitled to due process. If the Court allows Jane Doe to proceed anonymously, Jane Doe will be permitted to present her case and Epstein will be limited in his defenses.

11.     While it is within the sound discretion of this court to allow a party to proceed anonymously, Plaintiff should not attempt to utilize that discretion as a shield from legitimate and necessary discovery. Epstein has a fundamental due process right to conduct discovery.

**b.  Response In Opposition And Motion To Identify JANE DOE In Style
Of This Case**

12.    As discussed below, Epstein has fundamental due process right to
defend himself in this civil litigation.   While JANE DOE travels under a
pseudonym, various newspaper articles identifying Epstein have been released
discussing the alleged claims against him.  Allowing JANE DOE to litigate this
matter under a pseudonym is preventing Epstein from defending this suit
including, but not limited to, preventing him from locating individuals that may
have information about this lawsuit and information about JANE DOE that may
discredit her allegations and/or lessen the monetary damages she seeks to
recover.  It is the undersigned's experience that once identified, witnesses begin
to come forward. See *supra*.

13.    In Doe v. Lepley, 185 F.R.D. 605 (D. Ct. NV 1999), a sexual
harassment case, the court reasoned that there is no express or implied right to
bring an action anonymously.  Id. at 606.  Moreover, Fed. R. Civ. P 10(a)
requires that the complaint include the names of the parties.  Id  When Plaintiffs
are permitted to proceed anonymously, the court must employ a balancing test to
decide if the plaintiff has a substantial privacy interest that outweighs the
presumption of openness in judicial proceedings.  Id., *citing*, Doe v. Frank, 951
F.2d 320, 323 (11th Cir. 1992)(requiring complaint to include the names of the
parties serves more than administrative convenience, it protects the public's
legitimate interests in knowing all the facts involved, including the identity of the
parties – thus denying request to proceed anonymously).  The factors include:

a.    whether the plaintiff is challenging governmental activity;

    b.      whether the party defending the suit would be prejudiced;

    c.      whether the plaintiff is required to disclose information of utmost intimacy;

    d.      whether the plaintiff is compelled to admit an intention to engage in illegal conduct, thereby risking criminal prosecution;

    e.      whether the Plaintiff would risk suffering injury if identified;

    f.      whether the interests of children are at stake; and

    g.      whether there are less drastic means of protecting the legitimate interests of either party.

Doe v. Frank, 951 F.2d at 323.

Plaintiff does not fall under any of the factors.  Moreover, even if she did meet one of the factors, "[t]he fact that [a] Doe [Plaintiff] may suffer some personal embarrassment, standing alone, does not require the granting of a request to proceed under a pseudonym."  Id; see also Doe v. Rostker, 89 F.R.D. 159 (N.D. Calif. 1981).   Any substantial privacy interests JANE DOE has must outweigh the customary and constitutionally embedded presumption of openness to judicial proceedings.  Doe v. Frank, 951 F.2d at 323; Doe v. Bergstron, 2009 WL 528623 (C.A.9(Or.))(denying request to proceed anonymously in civil action by Plaintiff where Plaintiff's arrest, prosecution and acquittal were matters of public record).

14.     In Sweetland v. State, 535 So.2d 646 (Fla. 1st DCA 1988), the court reasoned that the purpose of discovery is to eliminate the likelihood of surprise and to insure a fair opportunity to prepare for trial. Florida Rule of Civil Procedure 1.280(b)(1); see also Surf Drugs, Inc., v. Vermette, 236 So.2d 108, 111 (Fla.

1970)(stating that the rules of discovery should be afforded broad and liberal treatment to effectuate their purpose), _citing_, <u>Hickman v. Taylor</u>, 329 U.S. 495, 501, 507 (1947).

  15. Next, the right to go to court to resolve disputes is a fundamental right. <u>D.R. Lakes, Inc. v. Brandsmart U.S.A. of West Palm Beach</u>, 819 So.2d 971 (Fla. 4th DCA 2002).   All litigants are afforded an equal opportunity. <u>Lingle v. Dion</u>, 776 So.2d 1073 (Fla. 4th DCA 2001). The Florida Constitution establishes the right commonly known as access to courts.   <u>Mitchell v. Moore</u>, 786 So.2d 521 (Fla. 2001).  Courts shall be open to any person for the redress of any injury and justice shall be administered without sale, denial or delay.  Art. I, §21, Fla. Const.; 10A Fla. Jur. 2d, Constitutional Law, §360.

  16. If Jane Doe's name is not disclosed and identified, Mr. Epstein will not be afforded his fundamental right to fairly litigate this dispute and prepare for trial. Accordingly, Epstein requests that JANE DOE be identified by her legal name in the pleadings.

### c.  <u>Response In Opposition And Motion To Identify JANE DOE In Third-Party Subpoenas</u>

  17. Epstein will be effectively denied his due process rights to conduct broad, open and liberal discovery in that by failing to identify Jane Doe in various third-party subpoenas to her medical providers and other third parties, Epstein will be prevented from defending this case.

  18. The undersigned must serve subpoenas on medical doctors to obtain medical information on JANE DOE's alleged psychological and physical damages as same goes to the heart of Epstein's defenses and Plaintiff's

damages. Plaintiff is claiming emotional/psychological damages. Therefore, Epstein is entitled to know her psychological condition(s) before and after the alleged incident(s) she references in the Complaint. In particular, JANE DOE alleges specific disorders as a result of Epstein's alleged conduct – suffer ". . .physical injury, pain and suffering, emotional distress, psychological and psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy, separation from her family . . . , and medical and psychological expenses. . . , loss on income, loss of the capacity to earn income in the future, and loss of the capacity to enjoy life." (Emphasis Added). See supra. Epstein is also entitled to know, among other things, whether she had any physical complaints or whether there was ever any evidence of physical battery on JANE DOE's body from the acts she complains of in the Complaint. The need to serve third-party subpoenas on medical doctors is a basic discovery need related to the claims alleged by JANE DOE for which Plaintiff's counsel refuses to compromise. Balas v. Ruzzo, 703 So.2d 1076 (Fla. 5th DCA 1997), rev. denied, 719 So.2d 286 (Fla. 1998)(discoverability of Plaintiff's history of sexual activity is relevant to damages); United States v. Bear Stops, 997 F.2d 451 (8th Cir. 1993)(deals with "admissibility of other acts of sexual abuse by individuals other than the defendant to explain why a victim of abuse exhibited behavioral manifestations of a sexually abused child.") If Plaintiff saw a psychologist or other physician during or after the time periods she claims she was assaulted by Epstein but either did not discuss or did discuss the incidents (or lack thereof) would be

directly relevant to her damage claims.   Plaintiff seeks physical and emotional/mental personal injury type damages, and the Epstein must conduct his own discovery thereon.   <u>See</u> *supra*.   No valid discovery objections or exemptions exist preventing necessary and reasonable discovery.   To hold otherwise prevents Mr. Epstein from preparing and defending this matter.

19.   In defending this lawsuit, Mr. Epstein should be permitted broad discovery, whether admissible at trial or not.   Fed.R.Civ.Pro. 26 provides, in pertinent part, that "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action."

20.   In addition, subpoenas must also be served upon various local and state institutions in order to determine what crimes, if any, JANE DOE has committed (i.e., crimes that involve dishonesty and/or false statement). Obviously, this goes directly to the heart of JANE DOE's damages she claims suffer suffer ". . .physical injury, pain and suffering, emotional distress, psychological and psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy, separation from her family  . . . , and medical and psychological expenses. . . , loss on income, loss of the capacity to earn income in the future, and loss of the capacity to enjoy life" – caused by Epstein or other events in her life) for which a jury is entitled to hear about at trial, and certified records must be obtained from the clerk should JANE DOE answer certain questions regarding her crimes incorrectly.

21.   Epstein is entitled to know whether Jane Doe committed and/or

was charged with any crimes.  If Jane Doe was charged with crimes, Epstein is entitled to obtain certified copies of those crimes Plaintiff may have committed for purposes of discovery and impeachment. Questions will be asked regarding those crimes (e.g., Have you been convicted of a crime of dishonesty or false statement?  If so, how many times?  Have you been convicted of a felony? If so, how many times?)  To hold otherwise would not only prevent broad discovery but would ultimately result in reversible error at any trial.

## II. Conclusion and Prayer for Relief

22.     Epstein requests the following relief:

    a.     That JANE DOE's Motion to Proceed Anonymously be denied;

    b.     That this Court grant Epstein's Motion and that JANE DOE be identified by her legal name in the style of this case; and

    c.     That Epstein be granted leave to identify JANE DOE by her legal name in Third-Party Subpoenas (but not file them in Court or, if required, in a redacted form).

WHEREFORE, Epstein, Jeffrey Epstein, respectfully requests that this Court enter said order granting the relief requested above, and for such other and further relief as this Court may deem just and proper.

By: _____
ROBERT D. CRITTON, JR., ESQ.
MICHAEL J. PIKE, ESQ.

## Certificate of Service

I HEREBY CERTIFY that a true copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the following  Service List in the manner specified by CM/ECF on this _8_ day of May, 2009

Robert C. Josefsberg, Esq.
Katherine W. Ezell, Esq.
Podhurst Orseck, P.A.
25 West Flagler Street, Suite 800
Miami, FL 33130
305 358-2800
Fax: 305 358-2382
rjosefsberg@podhurst.com
kezell@podhurst.com
*Counsel for Plaintiff*

Jack Alan Goldberger, Esq.
Atterbury Goldberger & Weiss, P.A.
250 Australian Avenue South
Suite 1400
West Palm Beach, FL 33401-5012
561-659-8300
Fax: 561-835-8691
jagesq@bellsouth.net
*Counsel for Defendant Jeffrey Epstein*

Respectfully submitted,

By: _____
ROBERT D. CRITTON, JR., ESQ.
Florida Bar No.  224162
rcrit@bclclaw.com
MICHAEL J. PIKE, ESQ.
Florida Bar #617296
mpike@bclclaw.com
BURMAN, CRITTON, LUTTIER &
COLEMAN
515 N. Flagler Drive, Suite 400
West Palm Beach, FL 33401
561/842-2820 Phone
561/515-3148 Fax
(*Counsel for Defendant Jeffrey Epstein*)