UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JANE DOE NO. 2,                      CASE NO.: 08-CV-80119-MARRA/JOHNSON

      Plaintiff,

vs.

JEFFREY EPSTEIN,

      Defendant.
_____/

JANE DOE NO. 3,                      CASE NO.: 08-CV-80232-MARRA/JOHNSON

      Plaintiff,

vs.

JEFFREY EPSTEIN,

      Defendant.
_____/

JANE DOE NO. 4,                      CASE NO.: 08-CV-80380-MARRA/JOHNSON

      Plaintiff,

vs.

JEFFREY EPSTEIN,

      Defendant.
_____/

JANE DOE NO. 5,                      CASE NO.: 08-CV-80381-MARRA/JOHNSON

      Plaintiff,

vs.

JEFFREY EPSTEIN,

    Defendant.
_____/

JANE DOE NO. 6,                          CASE NO.: 08-CV-80994-MARRA/JOHNSON

    Plaintiff,

vs.

JEFFREY EPSTEIN,

    Defendant.
_____/

JANE DOE NO. 7,                          CASE NO.: 08-CV-80993-MARRA/JOHNSON

    Plaintiff,

vs.

JEFFREY EPSTEIN,

    Defendant.
_____/

C.M.A.,                                        CASE NO.: 08-CV-80811-MARRA/JOHNSON

    Plaintiff,

vs.

JEFFREY EPSTEIN,

    Defendant.
_____/

JANE DOE,                              CASE NO.: 08-CV-80893-MARRA/JOHNSON

    Plaintiff,

vs.

JEFFREY EPSTEIN,

    Defendant.
_____/

JANE DOE NO. II,                     CASE NO.: 08-CV-80469-MARRA/JOHNSON

    Plaintiff,

vs.

JEFFREY EPSTEIN,

    Defendant.
_____/

JANE DOE NO. 101,                 CASE NO.: 09-CV-80591-MARRA/JOHNSON

    Plaintiff,

vs.

JEFFREY EPSTEIN,

    Defendant.
_____/

JANE DOE NO. 102,                 CASE NO.: 09-CV-80656-MARRA/JOHNSON

    Plaintiff,

vs.

JEFFREY EPSTEIN,

    Defendant.
_____/

**PLAINTIFFS JANE DOE NO. 101 AND JANE DOE NO. 102's
MOTION FOR AN ORDER FOR THE PRESERVATION OF EVIDENCE
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs, Jane Doe No. 101 and Jane Doe No. 102 (the "Plaintiffs"), pursuant to Rules 26, 34, and 37 of the Federal Rules of Civil Procedure, hereby move this Court for an Order for the Preservation of Evidence directed to Defendant, Jeffrey Epstein, and, as grounds, state as follows:

1. After investigations by the Palm Beach Police Department ("PBPD"), the Palm Beach State Attorney's Office ("PBSAO"), the Federal Bureau of Investigation ("FBI"), and the United States Attorney's Office for the Southern District of Florida ("USAO"), Defendant, Jeffrey Epstein, in June 2008, entered pleas of "guilty" in the Fifteenth Judicial Circuit in Palm Beach County, Florida, to various Florida state crimes involving the solicitation of minors for prostitution and the procurement of minors for the purposes of prostitution.

2. As outlined in detail in the relevant complaints, beginning in or around 1998 through in or around September 2007, Defendant used his resources and his influence over vulnerable minor children to engage in a systematic pattern of sexually exploitative behavior. Defendant, Jeffrey Epstein, sexually abused Plaintiffs while Plaintiffs were under the age of 18 years old.

3. As a result of Defendant's sexual abuse, Plaintiffs filed their actions, alleging multiple violations of federal statutes condemning the coercion and enticement of a minor to engage in prostitution or sexual activity, travel with intent to engage in illicit sexual conduct, sex trafficking of children, sexual exploitation of minor children, transport of visual depictions of a minor engaging in sexually explicit conduct, transport of child pornography, child exploitation enterprises, and other crimes, specifically including, but not limited to, those crimes designated in 18 U.S.C. § 2421, § 2422(a), § 2422(b), § 2423(a), § 2423(b), § 2423(e), § 2251, § 2252, § 2252A(a)(1), and § 2252A(g)(1).

4. On October 25, 2005, the PBPD executed a search warrant at Defendant's Palm Beach, Florida mansion at 358 El Brillo Way. Thus, Defendant reasonably should have known of potential criminal prosecution and/or civil litigation since at least that date.

5. According to the PBPD Property Receipt, evidence seized during the October 25, 2005 search included phone message books, photographs of nude underage females, VHS tapes, CDs, and school transcripts of underage girls. *See* PBPD Property Receipt (attached hereto as Exhibit A). While still incarcerated, Defendant filed a Motion for Return of Property with the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County on July 23, 2008. On September 5, 2008, this Court entered an Order in *Jane Doe v. Jeffrey Epstein, et al.*, Case No. 08-80804-CIV-MARRA/JOHNSON, directing Defendant to preserve the evidence listed in the PBPD Property Receipt and to provide duplicates to the plaintiff should this evidence be returned to Defendant by the State of Florida (DE# 20).

6. According to the PBPD Property Receipt, at least some of the evidence has already been returned to Defendant, including zip CDs, 8mm videotapes, floppy disks, zip drive disks, CPUs from various areas throughout the mansion, and phone message books. Upon information and belief, one or more sexually explicit printed photographs of Plaintiffs and other minor girls taken by Defendant and/or his agents when Plaintiffs were minors were confiscated during the search and may have been returned to him. In addition, the zip CDs, 8mm videotapes, floppy disks, zip drive disks, and CPUs that were returned to Defendant may have contained, and may still contain, pornographic images of these and other minors. Plaintiffs respectfully request that this Court clarify that the Order of September 5, 2008 requires returned evidence to be preserved.

7. In addition, Plaintiffs respectfully request this Court to take judicial notice that, in the event that such evidence includes child pornography, it is imperative for the PBPD, the FBI,

5

the USAO, and the PBSAO not to return any photographs that may be child pornography (including files, electronic or otherwise) to Defendant or his counsel. Pursuant to the Adam Walsh Protection and Safety Act, Pub. L. No. 109-248, 120 Stat. 587 (2006), any property or material that constitutes child pornography shall remain in the care, custody, and control of either the government or the court. Defendant has no right to seek its return. *See* 18 U.S.C. § 3509(m) (2008). In addition, copying evidence that constitutes child pornography is not permissible as long as the Government makes the property or material reasonably available to the defendant. *See* 18 U.S.C. § 3509(m)(2)(A) (2008).

8. In addition to evidence related to the October 25 search, Defendant, Jeffrey Epstein, exercises sole custody and control over specific evidence relevant and material to this lawsuit relating to Defendant's sexual abuse of Plaintiffs, including, but not limited to, documents, data, and tangible things, including, but not limited to, writings; records; files; correspondence; digital or chemical process photographs (including negatives); reports; memoranda; calendars; diaries; minutes; electronic messages; voicemail; e-mail; telephone message records or logs; computer and network activity logs; hard drives; backup data; removable computer storage media, such as tapes, disks, and cards; printouts; document image files; web pages; databases; spreadsheets; software; books; ledgers; journals; orders; invoices; bills; vouchers; checks; statements; worksheets; summaries; compilations; computations; charts; diagrams; graphic presentations; drawings; films; charts; video, phonographic, tape, or digital recordings or transcripts thereof; drafts; jottings; and notes. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included. Specifically, Plaintiffs consider the following evidence relevant: records of phone communications; records of domestic and international travel, including travel in Defendant's private airplanes; former and current employee records; tax returns; medical bills; bills regarding

any other expenses; all documents evidencing payment by Defendant of U.S. currency and/or merchandise to each victim; any evidence stored in Defendant's storage unit; photographs of Defendant's mansions; any diary, log, memo pad, calendar, or other writing reflecting date of each victim's visit(s) to Defendant's mansions; any diary or document wherein each victim wrote regarding a victim's visit to Defendant's mansions; all documents sent to or by the PBPD, the FBI, the USAO, or the PBSAO; and all computers used by Defendant and/or his agents and/or employees since 1998.

9. Other relevant evidence includes, but is not limited to, electronically-stored information stored on Defendant's current *and former* computer systems and other media and devices (including handheld devices, personal digital assistants, voice-messaging systems, online repositories, and cellular telephones). Electronically-stored information should be afforded the broadest possible meaning and includes (*by way of example and not as an exclusive list*) potentially relevant information electronically, magnetically, optically, or otherwise stored as:

1. Digital communication (*e.g.*, e-mail, voice mail, instant messaging);
2. E-mail Server Stores (*e.g.*, Lotus Domino .NSF and Microsoft Exchange .EDB)
3. Word-processed documents (*e.g.*, Word and WordPerfect files and drafts);
4. Spreadsheets and tables (*e.g.*, Excel or Lotus 123 worksheets);
5. Accounting Application Data (*e.g.*, QuickBooks, Money, Peachtree data);
6. Image and Facsimile Files (*e.g.*, .PDF, .TIFF, .JPG, .GIF images);
7. Sound Recordings (*e.g.*, .WAV and .MP3 files);
8. Video and Animation (*e.g.*, .AVI and .MOV files);
9. Databases (*e.g.*, Access, Oracle, SQL Server data, SAP);
10. Contact and Relationship Management Data (*e.g.*, Outlook, ACT!);
11. Calendar and Diary Application Data (*e.g.*, Outlook PST, blog entries);
12. Online Access Data (*e.g.*, Temporary Internet Files, History, Cookies);
13. Presentations (*e.g.*, PowerPoint, Corel Presentations);
14. Network Access and Server Activity Logs;
15. Project Management Application Data;
16. Computer Aided Design/Drawing Files; and
17. Backup and archival files (*e.g.*, Veritas, Zip, .GHO).

10. Plaintiffs also respectfully request this Court to order Defendant to preserve all potentially relevant evidence, even if Defendant does not intend to produce such evidence because he anticipates raising his Fifth Amendment privilege against self-incrimination.

11. As more fully set forth in Plaintiff Jane Doe No. 102's Complaint (DE # 1 in Case No.: 09-CV-80656-MARRA/JOHNSON), Defendant is a designated sexual offender who sexually exploited minor girls all over the world, including in some or all of his six mansions. Thus, there is reason to believe that relevant evidence, including many photographs of other nude underage females, exists in some or all of Defendant's six mansions, with all but one of his mansions located outside the State of Florida.

12. On May 15, 2009, Plaintiff's counsel sent a letter to Defendant's counsel detailing the numerous sources of relevant evidence in this matter (the "Preservation Letter," attached hereto as Exhibit B). Despite requests for a written response confirming Defendant's duty to take the necessary steps to preserve all relevant evidence, Defendant and his counsel have neither acknowledged this letter nor confirmed their duty to preserve all relevant evidence under the Federal Rules of Civil Procedure.

13. In the past, Defendant's counsel have asserted that a motion requesting to preserve evidence would be moot because of an order previously entered in *Jane Doe v. Jeffrey Epstein, et al.*, Case No. 08-80804-CIV-MARRA/JOHNSON. Plaintiffs respectfully submit that an enforceable order is needed in their particular cases and that the binding order needs to cover evidence other than evidence related to the October 25, 2005 search of Defendant's Palm Beach mansion. The sole focus of the previous order is seized evidence identified in the PBPD Property Receipt. There is great need to preserve all evidence (physical and electronic), especially with respect to potential evidence related to Defendant's possession, production, and/or transportation of child pornography. In addition, there is reason to believe that relevant

evidence, including many photographs of other nude minor girls, exist in some or all of Defendant's six mansions and/or on some or all of his computers. Given Defendant's efforts to gain control over evidence in the custody of the PBPD, as well as Defendant's unwillingness to acknowledge or respond to Plaintiff's Preservation Letter, a legitimate concern remains for the continuing existence and maintenance of the integrity of the evidence in question absent an order preserving the evidence. This evidence, some of which is in the sole custody, dominion, and control of Defendant, is critical and indispensable to Plaintiffs' cases.

## **Memorandum of Law**

When there is a good faith belief that evidence may be lost, the Court has the authority to enter an order preserving such evidence. *See AT & T Mobility LLC v. Dynamic Cellular Corp.*, No. 08-20537-Civ., 2008 WL 2139518, at *2 (S.D. Fla. May 7, 2008); *see also Tracfone Wireless, Inc. v. King Trading, Inc.*, No. 3-08-CV-0398-B, 2008 WL 918243, at *1 (N.D. Tex. Mar. 13, 2008) (finding "a legitimate concern for the continuing existence and maintenance of the integrity of the evidence in question absent an order preserving the evidence"). This evidence, some of which is in the sole custody, dominion, and control of Defendant, is critical and indispensable to Plaintiffs' cases. The evidence that Plaintiffs seek to protect is relevant and critical to the prosecution not only of their actions, but for the prosecution of at least ten other filed actions against Defendant and twenty-two other as-yet-unfiled actions by Defendant's victims listed on the USAO List. Plaintiffs' concerns outweigh any harm to Defendant that may result from a preservation order. Given Defendant's vast wealth and demonstrated willingness to incur expenses, Defendant will not be unduly burdened by such an order. *See Tracfone Wireless, Inc.*, 2008 WL 918243, at *1.

Defendant, Jeffrey Epstein, is a designated sexual offender who was convicted of violating various Florida state crimes involving the solicitation of minors for prostitution and the

9

procurement of minors for the purposes of prostitution, and is currently serving his sentence based on the charges that form the foundation of Plaintiffs' claims. Therefore, it is reasonable to assume that both the evidence seized by the PBPD and other relevant evidence in Defendant's custody and control is extremely harmful to Defendant's position in his civil cases. Defendant's successful efforts to obtain the return of some of the seized property causes Plaintiffs grave concern regarding his willingness to comply with his duty to preserve all evidence relevant to Plaintiffs' actions. Without a protective order, Defendant, Jeffrey Epstein, may seek to destroy records and information to thwart this lawsuit and many other lawsuits and thus perpetuate the wrongs that the federal laws regarding the sexual exploitation of children intend to protect.

Because of the nature of the relevant violations, which include allegations of production and transportation of child pornography, electronically-stored information is a valuable and irreplaceable source of discovery and/or evidence in these matters. Plaintiffs anticipate that much of the information subject to disclosure or responsive to discovery in this cause is stored on Defendant's former computer systems and other media and devices. In addition, as previously stated, Plaintiffs believe that crucial relevant evidence may be present in some or all of the computers in perhaps each of his six mansions (in Palm Beach, New York City, Santa Fe, London, Paris, and the U.S. Virgin Islands).

Finally, in the other pending Jane Doe cases with active discovery, Defendant, Jeffrey Epstein, has objected to the production of *any* evidence on Fifth, Sixth, and Fourteenth Amendment grounds. Plaintiffs Jane Doe No. 101 and Jane Doe No. 102 challenge Defendant's objections to discovery and, more relevant to the matter at hand, request that this Court issue an order clearly stating that Defendant has a duty to preserve all relevant evidence, regardless of whether he intends to raise his privilege against self-incrimination. *See Capricorn Power Co. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429, 434 (W.D. Pa. 2004) (A motion for a

preservation order can be granted with regard to all items of evidence that are discoverable in accordance with the Federal Rules of Civil Procedure, without the necessity of establishing that the evidence will necessarily be relevant and admissible at trial.)

WHEREFORE, in light of the above-stated duty to preserve all relevant evidence, Plaintiffs, Jane Doe No. 101 and Jane Doe No. 102, move this Court to enter an Order granting Plaintiffs Jane Doe No. 101 and Jane Doe No. 102's Motion for the Preservation of Evidence.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1.A.3**

Undersigned counsel conferred with counsel for Defendant in a good faith effort to resolve the issues raised in this motion. Despite requests for a written response acknowledging Defendant's duty to take the necessary steps to preserve all relevant evidence to alleviate the need for this motion, Defendant's counsel have failed to respond or acknowledge in any way Defendant's duty to preserve all relevant evidence under the Federal Rules of Civil Procedure.

Date:  May 26, 2009

                    s/Robert C. Josefsberg
                    Robert C. Josefsberg, Bar No. 040856
                    Katherine W. Ezell, Bar No. 114771
                    Podhurst Orseck, P.A.
                    City National Bank Building
                    25 West Flagler Street, Suite 800
                    Miami, Florida 33130
                    (305) 358-2800
                    (305) 358-2382 (fax)
                    rjosefsberg@podhurst.com
                    kezell@podhurst.com

                    *Attorneys for Plaintiffs Jane Doe No. 101 and Jane Doe No. 102*

## Certificate of Service

I hereby certify that, on May 26, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Robert Josefsberg
Robert C. Josefsberg, Bar No. 040856
Katherine W. Ezell, Bar No. 114771
Podhurst Orseck, P.A.
City National Bank Building
25 West Flagler Street, Suite 800
Miami, Florida 33130
(305) 358-2800
(305) 358-2382 (fax)
rjosefsberg@podhurst.com
kezell@podhurst.com

*Attorneys for Plaintiffs Jane Doe No. 101 and Jane Doe No. 102*

## SERVICE LIST
JANE DOE NO. 2 v. JEFFREY EPSTEIN
Case No. 08-CV-80119-MARRA/JOHNSON
United States District Court, Southern District of Florida

Robert Critton, Esq.
Michael J. Pike, Esq.
Burman, Critton, Luttier & Coleman LLP
515 North Flagler Drive, Suite 400
West Palm Beach, FL 33401
Phone: (561) 842-2820
Fax: (561) 515-3148
rcrit@bclclaw.com
mpike@bclclaw.com
*Counsel for Defendant, Jeffrey Epstein*

Jack Goldberger, Esq.
Atterbury, Goldberger & Weiss, P.A.
250 Australian Avenue South, Suite 1400
West Palm Beach, FL 33401
Phone: (561) 659-8300
Fax: (561) 835-8691
jagesq@bellsouth.net
*Co-Counsel for Defendant, Jeffrey Epstein*

Bruce E. Reinhart, Esq.
Bruce E. Reinhart, P.A.
250 South Australian Avenue, Suite 1400
West Palm Beach, FL 33401
Phone: (561) 202-6360
Fax: (561) 828-0983
ecf@brucereinhartlaw.com
*Counsel for Co-Defendant, Sarah Kellen*

Jack Scarola, Esq.
Jack P. Hill, Esq.
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Phone: (561) 686-6300
Fax: (561) 383-9456
jsx@searcylaw.com
jph@searcylaw.com
*Counsel for Plaintiff C.M.A.*

Adam Horowitz, Esq.
Stuart Mermelstein, Esq.
Mermelstein & Horowitz, P.A.
18205 Biscayne Blvd., Suite 2218
Miami, FL 33160
Phone: (305) 931-2200
Fax: (305) 931-0877
ahorowitz@sexabuseattorney.com
smermelstein@sexabuseattorney.com
*Counsel for Plaintiffs in Related Case Nos. 08-80069, 08-80119, 08-80232, 08-80380, 08-80381, 08-80993, 08-80994*

Spencer Todd Kuvin, Esq.
Theodore Jon Leopold, Esq.
Leopold Kuvin, P.A.
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Phone: (561) 515-1400
Fax: (561) 515-1401
skuvin@leopoldkuvin.com
tleopold@leopoldkuvin.com
*Counsel for Plaintiff in Related Case No. 08-08804*

Richard Willits, Esq.
Richard H. Willits, P.A.
2290 10th Ave North, Suite 404
Lake Worth, FL 33461
Phone: (561) 582-7600
Fax: (561) 588-8819
lawyerwillits@aol.com
reelrhw@hotmail.com
*Counsel for Plaintiff in Related Case No. 08-80811*

Brad Edwards, Esq.
Law Office of Brad Edwards & Associates, LLC
2028 Harrison Street, Suite 202
Hollywood, FL 33020
Phone: (954) 414-8033
Fax: (954) 924-1530
bedwards@rra-law.com
be@bradedwardslaw.com
*Counsel for Plaintiff in Related Case No. 08-80893*

Isidro Manuel Garcia, Esq.
Garcia Elkins & Boehringer
224 Datura Avenue, Suite 900
West Palm Beach, FL 33401
Phone: (561) 832-8033
Fax: (561) 832-7137
isidrogarcia@bellsouth.net
*Counsel for Plaintiff in Related Case No. 08-80469*