# Podhurst Orseck
## TRIAL & APPELLATE LAWYERS

Aaron S. Podhurst
Robert C. Josefsberg
Joel D. Eaton
Steven C. Marks
Victor M. Diaz, Jr.
Katherine W. Ezell
Stephen F. Rosenthal
Ricardo M. Martínez-Cid
Ramon A. Rasco
Alexander T. Rundlet
John Gravante, III
Carolina Maharbiz

Robert Orseck (1934-1978)

Walter H. Beckham, Jr.
Karen Podhurst Dern
Of Counsel

May 15, 2009

Robert D. Critton, Jr., Esq.
Burman Critton Luttier & Coleman
515 N. Flagler Drive, Suite 400
West Palm Beach, FL 33401-2918

Jack Goldberger, Esq.
Atterbury Goldberger & Weiss, P.A.
250 Australian Avenue South, Suite 1400
West Palm Beach, FL 33401

Re: Preservation of Evidence Relevant to Actions for Civil Remedies
Pursuant to 18 U.S.C. §2255

Gentlemen:

As you know, we represent a number of the young women on the list of names provided to Messrs. Goldberger and Tein by the U.S. Attorney's Office regarding the Jeffrey Epstein Non-Prosecution Agreement and Addendum. In order to be crystal clear as to whom we represent, we have attached a list of our present clients. By this letter, we want to ensure that discoverable information relating to each of their civil actions is being properly preserved, as is required under Rule 34 of the Federal Rules of Civil Procedure. You are required to take the necessary steps to preserve all paper documents, tangible objects (including, but not limited to, film, videos, DVDs, photographs, whether in hard copy, negatives or digital images), and electronically stored information related to any threatened action by my clients, whether found inside or outside of the United States, including any information held by third parties. Although we may bring a motion for an order preserving documents and other data from destruction or alteration, your client's obligation to preserve documents and other data discovery in this case arises independently from any order on such motion.

As you know, the Non-Prosecution Agreement also requires your client "to maintain [his] evidence, specifically evidence requested by or directly related to the grand jury subpoenas that have been issued, and including certain computer equipment, inviolate until all of the terms of

**EXHIBIT B**

Podhurst Orseck, P.A. 25 West Flagler Street, Suite 800, Miami, FL 33130
Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346

www.podhurst.com

this agreement have been satisfied." We will seek information related to Mr. Epstein's sexual exploitation of our clients in violation of 18 U.S.C. §§ 2421, 2422, 2423, 2251, 2252, and/or 2252A, all in violation of 18 U.S.C. § 2255. Your client reasonably should have known of potential criminal prosecution and/or civil litigation since, at least, October 25, 2005. This duty to preserve evidence extends to evidence beyond that which was seized from Mr. Epstein's residence on October 25, 2005. It also extends to evidence that was seized on October 25, 2005 and later returned to him if it may be relevant and discoverable in any of these civil actions.

Because of the nature of these violations, we consider electronically stored information to be a critical and irreplaceable source of discovery and/or evidence in this matter. You should anticipate that much of the information subject to disclosure or responsive to discovery in this cause is stored on your current *and former* computer systems and other media and devices (including handheld devices, personal digital assistants, voice-messaging systems, online repositories and cell phones). Electronically stored information should be afforded the broadest possible meaning and includes (*by way of example and not as an exclusive list*) potentially relevant information electronically, magnetically, optically or otherwise stored as:

1. Digital communication (*e.g.*, e-mail, voice mail, instant messaging);
2. E-mail Server Stores (*e.g.*, Lotus Domino .NSF or Microsoft Exchange .EDB)
3. Word-processed documents (*e.g.*, Word or WordPerfect files and drafts);
4. Spreadsheets and tables (*e.g.*, Excel or Lotus 123 worksheets);
5. Accounting Application Data (*e.g.*, QuickBooks, Money, Peachtree data);
6. Image and Facsimile Files (*e.g.*, .PDF, .TIFF, .JPG, .GIF images);
7. Sound Recordings (*e.g.*, .WAV and .MP3 files);
8. Video and Animation (*e.g.*, .AVI and .MOV files);
9. Databases (*e.g.*, Access, Oracle, SQL Server data, SAP);
10. Contact and Relationship Management Data (*e.g.*, Outlook, ACTI);
11. Calendar and Diary Application Data (*e.g.*, Outlook PST, blog entries);
12. Online Access Data (*e.g.*, Temporary Internet Files, History, Cookies);
13. Presentations (*e.g.*, PowerPoint, Corel Presentations);
14. Network Access and Server Activity Logs;
15. Project Management Application Data;
16. Computer Aided Design/Drawing Files; and
17. Backup and archival files (*e.g.*, Veritas, Zip, .GHO).

Electronically stored information resides not only in areas of electronic, magnetic, and optical storage media reasonably accessible to you and your client, but also in areas you may deem *not* reasonably accessible. You are obliged to preserve potentially relevant evidence from *both* sources of electronically stored information, even if you do not anticipate *producing* such electronically stored information. Similarly, you and your client are obligated to preserve all potentially relevant evidence even if you do not intend to produce such evidence because you anticipate raising your client's Fifth Amendment privilege against self-incrimination.

The laws and rules prohibiting destruction of evidence apply to electronically stored information in the same manner that they apply to other evidence. Because of its format,

electronically stored information is easily deleted, modified or corrupted. Accordingly, your client must take every reasonable step to preserve this information until the final resolution of this matter. Adequate preservation of electronically stored information requires more than simply refraining from efforts to destroy or dispose of such evidence. You must intervene to prevent loss due to routine operations or malfeasance and you must employ proper techniques and protocols to preserve electronically stored information. Booting a drive, examining its contents, or running any application may irretrievably alter the evidence it contains and constitute unlawful spoliation of evidence. *Preservation requires preemptive immediate intervention.*

With regard to electronically stored information created subsequent to the date of delivery of this letter, relevant evidence should not be destroyed, and your client is to take appropriate steps required to avoid destruction of such evidence.

Please forward a copy of this letter to all persons and entities with custodial responsibility for the evidence referred to in this letter.

Failure to abide by this request could result in penalties and/or sanctions against your client and could form the basis of legal claims for spoliation.

If this correspondence is in any way unclear, please contact us immediately. We look forward to receiving written confirmation from you that you have taken the necessary steps to fulfill these preservation obligations by Thursday, May 21, 2009 in order to alleviate the need for us to seek a court order.

Sincerely,

Robert C. Josefsberg

cc: Roy Black, Esq.
Jay Lefkowitz, Esq.

## List of Clients Represented by Podhurst Orseck, P.A. as of May 15, 2009[1]



---

[1] We will supplement this list as necessary.