UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JANE DOE NO. 2,                                CASE NO.: 08-CV-80119-MARRA/JOHNSON

    Plaintiff,

vs.

JEFFREY EPSTEIN,

    Defendant.
_____/

JANE DOE NO. 3,                                CASE NO.: 08-CV-80232-MARRA/JOHNSON

    Plaintiff,

vs.

JEFFREY EPSTEIN,

    Defendant.
_____/

JANE DOE NO. 4,                                CASE NO.: 08-CV-80380-MARRA/JOHNSON

    Plaintiff,

vs.

JEFFREY EPSTEIN,

    Defendant.
_____/

JANE DOE NO. 5,                                CASE NO.: 08-CV-80381-MARRA/JOHNSON

    Plaintiff,

vs.

JEFFREY EPSTEIN,

16

    Defendant.
_____/

JANE DOE NO. 6,                    CASE NO.: 08-CV-80994-MARRA/JOHNSON

    Plaintiff,

vs.

JEFFREY EPSTEIN,

    Defendant.
_____/

JANE DOE NO. 7,                    CASE NO.: 08-CV-80993-MARRA/JOHNSON

    Plaintiff,

vs.

JEFFREY EPSTEIN,

    Defendant.
_____/

C.M.A.,                                  CASE NO.: 08-CV-80811-MARRA/JOHNSON

    Plaintiff,

vs.

JEFFREY EPSTEIN,

    Defendant.
_____/

JANE DOE,                         CASE NO.: 08-CV-80893-MARRA/JOHNSON

    Plaintiff,

vs.

JEFFREY EPSTEIN,

    Defendant.
_____/

JANE DOE NO. II,                     CASE NO.: 08-CV-80469-MARRA/JOHNSON

    Plaintiff,

vs.

JEFFREY EPSTEIN,

    Defendant.
_____/

JANE DOE NO. 101,                  CASE NO.: 09-CV-80591-MARRA/JOHNSON

    Plaintiff,

vs.

JEFFREY EPSTEIN,

    Defendant.
_____/

JANE DOE NO. 102,                  CASE NO.: 09-CV-80656-MARRA/JOHNSON

    Plaintiff,

vs.

JEFFREY EPSTEIN,

    Defendant.
_____/

## **ORDER**

    THIS CAUSE comes before the Court on Plaintiffs Jane Doe No. 101 and Jane Doe No. 102's Motion for an Order for the Preservation of Evidence and Incorporated Memorandum of

Law (DE #__), filed May 26, 2009. Plaintiffs represent that Defendant has not agreed to the relief requested in this motion. The Court has carefully considered the motion and is otherwise fully advised in the premises.

It is ORDERED AND ADJUGED that Plaintiffs' Motion (DE # __) is GRANTED.

A. Defendant, Jeffrey Epstein, and his employees, his agents, his attorneys, and other nonparties are directed to take every reasonable step to preserve all evidence, including, but not limited to, evidence related to the October 25 search, documents, data, and tangible things, which includes, but is not limited to, writings; records; files; correspondence; digital or chemical process photographs (including negatives); reports; memoranda; calendars; diaries; minutes; electronic messages; voicemail; e-mail; telephone message records or logs; computer and network activity logs; hard drives; backup data; removable computer storage media, such as tapes, disks, and cards; printouts; document image files; web pages; databases; spreadsheets; software; books; ledgers; journals; orders; invoices; bills; vouchers; checks; statements; worksheets; summaries; compilations; computations; charts; diagrams; graphic presentations; drawings; films; charts; video, phonographic, tape, or digital recordings or transcripts thereof; drafts; jottings; and notes. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included. Specifically, Defendant must preserve the following evidence: records of phone communications; records of domestic and international travel, including travel in Defendant's private airplanes; former and current employee records; tax returns; medical bills; bills regarding any other expenses; all documents evidencing payment by Defendant of U.S. currency and/or merchandise to each victim; any evidence stored in Defendant's storage unit; photos of Defendant's

19

mansions; any diary, log, memo pad, calendar, or other writing reflecting date of each victim's visit(s) to Defendant's mansions; any diary or document wherein each victim wrote regarding a victim's visit to Defendant's mansions; all documents sent to or by the PBPD, the FBI, the USAO, or the PBSAO; and all computers used by Defendant and/or his agents and/or employees since 1998.

B. The duty extends to documents, data, and tangible things in the possession, custody, and/or control of the parties to this action and any employees, agents, contractors, carriers, bailees, or other nonparties who possess materials reasonably anticipated to be subject to discovery in these actions. Counsel is under an obligation to exercise reasonable efforts to identify and notify such nonparties.

C. "Preservation" is to be interpreted broadly to accomplish the goal of maintaining the integrity of all documents, data, and tangible things reasonably anticipated to be subject to discovery in these actions under Rules 26, 45, and 56(e) of the Federal Rules of Civil Procedure. Preservation includes taking reasonable steps to prevent the partial or full destruction, alteration, testing, deletion, shredding, incineration, wiping, relocation, migration, theft, or mutation of such material, as well as negligent or intentional handling that would make material incomplete or inaccessible.

D. Defendant, Jeffrey Epstein, and his employees, agents, and attorneys shall preserve any evidence from the October 25, 2005 execution of a search warrant at his mansion at 358 El Brillo Way in Palm Beach, Florida, that has already been returned to him by the Palm Beach Police Department.

E. If an objection or privilege is raised, the parties may raise the issue with this Court and shall preserve the evidence in question pending resolution by the Court.

F. The parties, without leave of Court, may agree in writing that certain documents or categories of evidence need not be preserved as otherwise required by this Order. If such agreement is reached, such agreement is effective upon signing and without further order of this Court.

G. This Order shall not be deemed to create any "safe harbors" for the destruction of evidence. If this Court determines that evidence has been destroyed or lost, whether knowingly or not, it will impose appropriate sanctions.

H. Each party shall bear its own costs for complying with this Order.

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida, this __ of _____, 2009.

                                                          KENNETH A. MARRA
                                                         United States District Court Judge

Copies to:
All counsel of record