UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JANE DOE NO. 2,            CASE NO.: 08-CV-80119-MARRA/JOHNSON

    Plaintiff,

vs.

JEFFREY EPSTEIN,

    Defendant.
_____/

JANE DOE NO. 3,            CASE NO.: 08-CV-80232-MARRA/JOHNSON

    Plaintiff,

vs.

JEFFREY EPSTEIN,

    Defendant.
_____/

JANE DOE NO. 4,            CASE NO.: 08-CV-80380-MARRA/JOHNSON

    Plaintiff,

vs.

JEFFREY EPSTEIN,

    Defendant.
_____/

JANE DOE NO. 5,            CASE NO.: 08-CV-80381-MARRA/JOHNSON

  Plaintiff,

vs.

JEFFREY EPSTEIN,

  Defendant.
_____/

JANE DOE NO. 6,        CASE NO.: 08-CV-80994-MARRA/JOHNSON

  Plaintiff,

vs.

JEFFREY EPSTEIN,

  Defendant.
_____/

JANE DOE NO. 7,        CASE NO.: 08-CV-80993-MARRA/JOHNSON

  Plaintiff,

vs.

JEFFREY EPSTEIN,

  Defendant.
_____/

C.M.A.,           CASE NO.: 08-CV-80811-MARRA/JOHNSON

  Plaintiff,

vs.

JEFFREY EPSTEIN,

  Defendant.

_____/

| | |
|---|---|
| JANE DOE, | CASE NO.: 08-CV-80893-MARRA/JOHNSON |
| Plaintiff, | |
| vs. | |
| JEFFREY EPSTEIN, | |
| Defendant. | |

_____/

| | |
|---|---|
| JANE DOE NO. II, | CASE NO.: 08-CV-80469-MARRA/JOHNSON |
| Plaintiff, | |
| vs. | |
| JEFFREY EPSTEIN, | |
| Defendant. | |

_____/

| | |
|---|---|
| JANE DOE NO. 101, | CASE NO.: 09-CV-80591-MARRA/JOHNSON |
| Plaintiff, | |
| vs. | |
| JEFFREY EPSTEIN, | |
| Defendant. | |

_____/

| | |
|---|---|
| JANE DOE NO. 102, | CASE NO.: 09-CV-80656-MARRA/JOHNSON |
| Plaintiff, | |

vs.

JEFFREY EPSTEIN,

    Defendant.

_____/

## PLAINTIFFS JANE DOE NO. 101 AND JANE DOE NO. 102's REPLY IN SUPPORT OF MOTION TO PROCEED ANONYMOUSLY AND RESPONSE IN OPPOSITION TO MOTION TO COMPEL AND/OR IDENTIFY JANE DOE NO. 101 AND JANE DOE NO. 102 IN THIRD-PARTY SUBPOENAS FOR PURPOSES OF DISCOVERY[1]

    Plaintiffs Jane Doe No. 101 and Jane Doe No. 102 (together, "Plaintiffs"), by and through their undersigned attorneys, hereby file their Reply in Support of Motion to Proceed Anonymously and Response in Opposition to Motion to Compel and/or Identify Jane Doe No. 101 and Jane Doe No. 102 in Third-Party Subpoenas for Purposes of Discovery, and, as grounds, state as follows:

    1.    Exposure of Plaintiffs to the public disclosure of their identity and the resultant shame and humiliation accompanying their sexual exploitation is wholly unnecessary and premature, and may cause further damage. Plaintiffs respectfully assert that this Court should first decide the threshold issues of retroactivity and calculation of damages. Plaintiffs, and all other victims of Defendant who have filed an action against Defendant in federal court, will have to litigate these two following threshold issues being reviewed by the Court in the C.M.A. action against Defendant (Case No. 08-CV-80811-MARRA/ JOHNSON): 1) whether the most recent version of the statute, which provides for a minimum recovery of $150,000 (instead of the previous minimum of

---

[1] Plaintiffs respectfully file this Reply in the consolidated action, as the issue at hand pertains to discovery issues.

$50,000) applies to cases arising from incidents predating the 2006 amendment to the statute; and 2) whether the applicable minimum amount is recoverable per incident and/or per count, or per victim. Defendant has attempted to force settlements on any victims as possible without considering the possibility that the minimum amount recoverable under 18 U.S.C. § 2255 is $150,000 per count and/or per incident. Much of this Court's caseload will be alleviated once the Court resolves these issues related to the minimum recovery; at that point, many of Defendant's victims will likely agree to settle for the minimum statutory damages to which they are entitled, thus obviating Defendant's specified need to destroy his victims' anonymity and expose them to further harm and humiliation.

2. This Court has discretion to deny Defendant's Motion to Compel and/or Identify Plaintiffs in Third Party Subpoenas for Purposes of Discovery. *See Doe v. Stegall*, 653 F.2d 180, 184 (5th Cir. Aug. 10, 1981)[2] ("Fed.R.Civ.P. 26(c) vests in the trial court discretion over litigants' requests for protection from 'annoyance, embarrassment, oppression, or undue burden or expense' in the discovery process.") (internal quotation omitted). As more fully discussed in Plaintiffs' Response to Defendant's Motion to Stay, which is adopted and incorporated herein, Defendant waived his right to contest liability in actions filed pursuant to 18 U.S.C. § 2255. Thus, third party discovery is relevant only if Plaintiffs seek recovery of damages in excess of the statutory minimum. Additionally, *if* and when the parties are ready to proceed with discovery from non-party sources, the Court can put numerous measures in place to maximize Plaintiffs' anonymity. At the outset, Defendant can obtain records from

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

various non-party sources through Plaintiffs' counsel, who can demonstrate and certify that they have obtained the very records being sought, or through an independent special master, who could be given releases by Plaintiffs to obtain such records on behalf of Defendant to eliminate any question of authenticity or completeness. If Defendant nevertheless insists on conducting his own third-party discovery (needlessly increasing the cost of litigating these actions and causing unnecessary delay), subpoenas seeking documents from sources such as health care providers or employers should not disclose the type of action or identify Defendant. Because of the highly-publicized nature of Defendant's crimes as well as his designation as a sexual offender, the mere mention of Defendant's name in any subpoena or deposition notice will automatically expose the subject Plaintiff as one of Defendant's victims and may result in unnecessary public humiliation. Similarly, records custodian depositions do not require the disclosure of the nature of the action and/or the identity of the defendant in the action.[3]

   3. Defendant's only purpose in opposing Plaintiffs' motions is harassment. Defendant's intentions are clear. He seeks to destroy these young women by outing them as being among his many victims, a pattern of behavior consistent with his status as a designated sex offender. Defendant openly admits to his desire to reveal the victims' names in newspapers so that individuals in their community can come forward to assault their credibility and tarnish their reputations (and, as a result, their dignity). *See* Defendant's Response in Opposition to Motion to Proceed Anonymously (DE# 5) at ¶ 6 ("[O]nce the Plaintiff is identified, other individuals come forward in the discovery phase with information which often directly contradicts allegations as to the events and

---

[3] Depending upon claims of Plaintiffs, certain documents will be relevant. At this point, however, Plaintiffs do not waive their privilege to prevent the release of each of their names under the doctor-patient relationship.

damages. For instance, witnesses may testify that Plaintiff was paid by others for similar sexual acts she claims Mr. Epstein forced upon her or that she willingly participated in certain acts(s) that would negate or lessen her damages"). Each of Defendant's victims whom undersigned counsel represents continues to experience trauma and humiliation associated with sexual abuse. *See* Ellen Bass & Laura Davis, *The Courage to Heal: A Guide for Women Survivors of Child Sexual Abuse* 3 (4th ed. 2008) ("The long-term effects of child sexual abuse can be so pervasive that it's sometimes hard to pinpoint exactly how the abuse affected you. It can permeate everything: your sense of self, intimate relationships, sexuality, parenting, working, even your sanity.")[4] The U.S. Supreme Court in *Coker v. Georgia*, 433 U.S. 584, 597 (1977), discussed the grave nature of the crimes at issue in the cases against Defendant, stating:

> [Rape] is highly reprehensible, both in a moral sense and in its almost total contempt for the personal integrity and autonomy of the female victim ... Short of homicide, it is the "ultimate violation of self."

Defendant committed crimes constituting the "ultimate violation of self" against *minors*. Because of the disdainful nature of these types of crimes, courts, including the Eleventh Circuit, "have carved out a limited number of exceptions to the general requirement of disclosure, which permit plaintiffs to proceed anonymously." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001) (internal citation omitted). "The

---

[4] Although some Plaintiffs no longer live in the Palm Beach area, this should not undermine Plaintiffs' need for anonymity. As the Court in *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 197 (E.D.N.Y. 2006) (internal citation omitted), points out, "[I]t is now possible to 'determine whether a given individual is a party to a lawsuit in federal court anywhere in the country by the simplest of computer searches, to access the docket sheet of any such case electronically, and … that entire case files will be accessible over the Internet." Given the ease with which the public could access court files in these cases, it is reasonable that Plaintiffs' fears extend beyond ostracism in the Palm Beach community. The Palm Beach Post is available online all over the world. In addition, many of Plaintiffs' family members remain in the Palm Beach area and remain unaware of their daughter/granddaughter/niece's involvement in Defendant's sordid child sex exploitation enterprise. Furthermore, Plaintiffs are exposed to harassment through social networking sites such as Facebook and MySpace as well as other forms of online harrassment.

ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* (internal quotation and citation omitted).

    4.    Cases regarding sexual assault are the paradigmatic examples of the type of highly sensitive and personal matter that warrant a grant of anonymity. *See Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195-98 (E.D.N.Y. 2006) (adult plaintiff, who, many years later, alleged that he was sexually abused by rabbi at private Jewish school when he was a child, was entitled to proceed anonymously because he feared retaliation and ostracism from his community); *Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001) (sexual assault victim granted use of pseudonym); *Doe v. Smith*, 105 F. Supp. 2d 40, 44 (E.D.N.Y. 1999) (victim of assault, molestation, and sexual abuse granted anonymity because victim otherwise psychologically and emotionally unable to proceed with action); *Roe v. Borup*, 500 F. Supp. 127, 130 (E.D. Wis. 1980) ("It is beyond argument that [a suit involving charges of sexual abuse of a child] is a highly sensitive issue"; thus, plaintiffs were entitled to use fictitious names in prosecuting the suit); *see also Doe v. Blue Cross & Blue Shield United of Wis.,* 112 F.3d 869, 872 (7th Cir. 1997) ("[F]ictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses."). The intensely personal nature of sexual exploitation creates an unusual case, and, in such a case, the general policy of full disclosure should give way to a policy of protecting privacy in a very private matter. This protection is especially necessary when the Court is dealing with young women who recently were sexually abused as minors.

      5.      Defendant is using the threat of publicity to attempt to intimidate victims to cause them not to file suit or to settle their claims for the absolute minimum in order for them to avoid being held up to public ridicule and hostility.  His intention to attack the victims is at the heart of the protection afforded by numerous rape shield statutes, of which Defendant and his counsel are surely aware.  In 1994, Congress amended the Federal Rules of Evidence to promote the strong social policy of protecting a victim's privacy and encouraging victims of crime to come forward.  "The reason for extending Rule 412 to civil cases is equally obvious.  The need to protect alleged victims against invasions of privacy, potential embarrassment, and unwarranted sexual stereotyping, and the wish to encourage victims to come forward when they have been sexually molested do not disappear because the context has shifted from a criminal prosecution to a claim for damages or injunctive relief." Fed. R. Evid. 412 advisory committee's note.  Rule 412 now provides that, in civil trials in federal court involving alleged sexual misconduct, evidence that the victim engaged in other sexual behavior or evidence offered to prove any alleged victim's sexual predisposition can be admitted only in unusual circumstances, none of which apply to Plaintiffs' cases. Fed. R. Evid. 412 (a), (b).  "The rule aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process.  By affording victims protection in most instances, the rule also encourages victims of sexual misconduct to institute and to participate in legal proceedings against alleged offenders." Fed. R. Evid. 412 advisory committee's note; *see also Michigan v. Lucas*, 500 U.S. 145, 149-50 (1991) (Rape shield statutes represent the valid legislative determination that victims of rape and

attempted rape "deserve heightened protection against surprise, harassment, and unnecessary invasions of privacy."); *United States v. Elbert*, 561 F.3d 771, 776-77 (8th Cir. 2009) (evidence that child plaintiffs had previously engaged in prostitution was rightfully excluded in federal sex trafficking suit); *Stephens v. Miller*, 13 F.3d 998, 1010 (7th Cir. 1994) (Cummings, C.J., dissenting) ("The Indiana rape shield statute furthers laudable and pragmatic goals.  It protects victims from needless exposure of their sexual past conduct; [and] ensures that the focus of rape trials remains the guilt or innocence of the accused rather than the sexual history of the complainant."); *United States  v. Kasto*, 584 F.2d 268, 271-72 n.3 (8th Cir. 1978) ("[U]nchastity of a victim has no relevance whatsoever to [the victim's] credibility as a witness.  Such a proposition would 'necessarily imply the absurd (corollary) that the extramarital sexual history of a female witness would be admissible to impeach her credibility in any case in which she testified.'") (internal citation omitted).  Procedural protections such as the rape shield statutes reduce the embarrassment and anguish of trial, encouraging victims to report sexual offenses and offendors.  "Without the protection provided by rape shield statutes, victims may find trial an ordeal not worth enduring."  *Stephens*, 13 F.3d at 1010 (Cummings, C.J., dissenting) (quoting 124 Cong. Rec. H11944 (1978) (statement of Rep. Elizabeth Holtzman)); see Fed. R. Evid. 412 advisory committee's note ("Too often in this country victims of rape are humiliated and harassed when they report and prosecute the rape. … [R]ape trials become inquisitions into the victim's morality, not trials of the defendant's innocence or guilt ….").  Indeed, "many [victims] find the trial almost as degrading as the rape itself."  Fed. R. Evid. 412 advisory committee's note.

6. In addition, Congress enacted the Child Victims' and Child Witnesses' Rights Act (18 U.S.C. § 3509) in an effort to provide protection for victims who, while minors, were victims of physical abuse, sexual abuse, or sexual exploitation, or who have witnessed a crime committed upon another. One of the primary protections provided by the statute is the restriction on the disclosure of the name of, or other information concerning, the victim. *See* 18 U.S.C. § 3509(d)(3) (2008). Further, pursuant to 18 U.S.C. § 3509(d)(2), "[a]ll papers to be filed in court that disclose the name of or any other information concerning a child shall be filed under seal without necessity of obtaining a court order."

7. Indeed, numerous states, including Florida and New York, have enacted laws to protect the anonymity of sexual assault victims. *See* Fla. Stat. §§ 794.024, 794.026 (2008); N.Y. Civ. Rights Law § 50-b (McKinney 2009). In 1994, the Florida Legislature passed The Crime Victims Protection Act. The legislative stated purpose for passage of the Act was "to protect the identity of victims of sexual crimes." Fla. AGO 2003-56, 2003 WL 22971082 (Dec. 15, 2003) ("[T]he Legislature intended to make the identity of a victim of a sexual crime confidential in a court record or proceeding.") Under Florida Section 794.024 of the Florida Statutes, court records that identify the name and/or address of a victim of a sexual crime are presumed to be confidential and exempt from public access. *Id*. That statute further imposes criminal and civil liability for the disclosure or communication of information identifying the victim of a sexual crime. Fla. AGO 2003-56, 2003 WL 22971082 (citing Fla. Stat. §§ 794.024, 794.026 (2008)). Similarly, upon approving New York's rape shield law, then Governor Mario Cuomo stated, "[S]exual assault victims have unfortunately had to endure a terrible

invasion of their physical privacy.  They have a right to expect that this violation will not be compounded by a further invasion of their privacy."  1991 N.Y. Sess. Laws page nos. 2211-12, *quoted in Kolko*, 242 F.R.D. at 196 (internal citations omitted).

8. Finally, Defendant should be estopped from outing his victims.  Plaintiffs attempted to utilize the process established by the Non-Prosecution Agreement ("NPA") with the reasonable expectation that a specific purpose of the NPA was to allow Defendant's victims to maintain anonymity, only to be subjected to deliberate and unreasonable delays and Defendant's failure to engage in meaningful, good faith settlement discussions.  This left Plaintiffs no choice but to file suit.  Under these circumstances, Defendant should be estopped from seeking to lift anonymity.

9. Many of Defendant's victims are awaiting this Court's decision regarding whether they will be allowed to proceed anonymously before making the difficult decision as to whether to pursue their claims against Defendant.  All of Defendant's victims and any future victims of sexual exploitation must know that they can protect what remains of their personal dignity when appealing to the Federal Courts for justice.

WHEREFORE, Plaintiffs respectfully move this Court to grant Plaintiffs' Motion to Proceed Anonymously and to deny Defendant's Motion to Compel and/or Identify Jane Doe No. 101 and Jane Doe No. 102 in Third-Party Subpoenas for Purposes of Discovery.

Date:  May 29, 2009

                                              Respectfully submitted,

                                              PODHURST ORSECK, P.A.
                                              Attorneys for Plaintiffs Jane Doe No.
                                              101 and Jane Doe No. 102

By: <u>s/Katherine W. Ezell</u>
Robert C. Josefsberg
Fla. Bar No. 040856
rjosefsberg@podhurst.com
Katherine W. Ezell
Fla. Bar No. 114771
kezell@podhurst.com
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130
Telephone: (305) 358-2800
Facsimile: (305) 358-2382

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that, on this 29th day of May, 2009, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    Respectfully submitted,

    PODHURST ORSECK, P.A.
    Attorneys for Plaintiffs Jane Doe No.
    101 and Jane Doe No. 102

    By:    s/Katherine W. Ezell
           Robert C. Josefsberg
           Fla. Bar No. 040856
           rjosefsberg@podhurst.com
           Katherine W. Ezell
           Fla. Bar No. 114771
           kezell@podhurst.com
           City National Bank Building
           25 W. Flagler Street, Suite 800
           Miami, FL 33130
           Telephone: (305) 358-2800
           Facsimile: (305) 358-2382

**SERVICE LIST**

JANE DOE NO. 2 v. JEFFREY EPSTEIN
Case No. 08-CV-80119-MARRA/JOHNSON
United States District Court, Southern District of Florida

Robert Critton, Esq.
Michael J. Pike, Esq.
Burman, Critton, Luttier & Coleman LLP
515 North Flagler Drive, Suite 400
West Palm Beach, FL 33401
Phone: (561) 842-2820
Fax: (561) 515-3148
rcrit@bclclaw.com
mpike@bclclaw.com
*Counsel for Defendant, Jeffrey Epstein*

Jack Goldberger, Esq.
Atterbury, Goldberger & Weiss, P.A.
250 Australian Avenue South, Suite 1400
West Palm Beach, FL 33401
Phone: (561) 659-8300
Fax: (561) 835-8691
jagesq@bellsouth.net
*Co-Counsel for Defendant, Jeffrey Epstein*

Bruce E. Reinhart, Esq.
Bruce E. Reinhart, P.A.
250 South Australian Avenue, Suite 1400
West Palm Beach, FL 33401
Phone: (561) 202-6360
Fax: (561) 828-0983
ecf@brucereinhartlaw.com
*Counsel for Co-Defendant, Sarah Kellen*

Jack Scarola, Esq.
Jack P. Hill, Esq.
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Phone: (561) 686-6300
Fax: (561) 383-9456
jsx@searcylaw.com
jph@searcylaw.com
*Counsel for Plaintiff C.M.A.*

Adam Horowitz, Esq.
Stuart Mermelstein, Esq.
Mermelstein & Horowitz, P.A.
18205 Biscayne Blvd., Suite 2218
Miami, FL 33160
Phone: (305) 931-2200
Fax: (305) 931-0877
ahorowitz@sexabuseattorney.com
smermelstein@sexabuseattorney.com
*Counsel for Plaintiffs in Related Case Nos. 08-80069, 08-80119, 08-80232, 08-80380, 08-80381, 08-80993, 08-80994*

Spencer Todd Kuvin, Esq.
Theodore Jon Leopold, Esq.
Leopold Kuvin, P.A.
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Phone: (561) 515-1400
Fax: (561) 515-1401
skuvin@leopoldkuvin.com
tleopold@leopoldkuvin.com
*Counsel for Plaintiff in Related Case No. 08-08804*

Richard Willits, Esq.
Richard H. Willits, P.A.
2290 10th Ave North, Suite 404
Lake Worth, FL 33461
Phone: (561) 582-7600
Fax: (561) 588-8819
lawyerwillits@aol.com
reelrhw@hotmail.com
*Counsel for Plaintiff in Related Case No. 08-80811*

Brad Edwards, Esq.
Law Office of Brad Edwards & Associates, LLC
2028 Harrison Street, Suite 202
Hollywood, FL 33020
Phone: (954) 414-8033
Fax: (954) 924-1530
bedwards@rra-law.com
be@bradedwardslaw.com
*Counsel for Plaintiff in Related Case No. 08-80893*

Isidro Manuel Garcia, Esq.
Garcia Elkins & Boehringer

224 Datura Avenue, Suite 900
West Palm Beach, FL 33401
Phone: (561) 832-8033
Fax: (561) 832-7137
isidrogarcia@bellsouth.net
*Counsel for Plaintiff in Related Case No. 08-80469*