-UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JANE DOE NO. 2,                          CASE NO.: 08-CV-80119-
                                         MARRA/JOHNSON

     Plaintiff,

vs.

JEFFREY EPSTEIN,

     Defendant.
_____/

JANE DOE NO. 3,                          CASE NO.: 08-CV-80232-
                                         MARRA/JOHNSON

     Plaintiff,

vs.

JEFFREY EPSTEIN,

     Defendant.
_____/

JANE DOE NO. 4,                          CASE NO.: 08-CV-80380-
                                         MARRA/JOHNSON

     Plaintiff,

vs.

JEFFREY EPSTEIN,

     Defendant.
_____/

JANE DOE NO. 5,                          CASE NO.: 08-CV-80381-
                                         MARRA/JOHNSON

Plaintiff,

vs.

JEFFREY EPSTEIN,

Defendant.
_____/

JANE DOE NO. 6,                    CASE NO.: 08-CV-80994-
                                   MARRA/JOHNSON

Plaintiff,

vs.

JEFFREY EPSTEIN,

Defendant.
_____/

JANE DOE NO. 7,                    CASE NO.: 08-CV-80993-
                                   MARRA/JOHNSON

Plaintiff,

vs.

JEFFREY EPSTEIN,

Defendant.
_____/

C.M.A.,                            CASE NO.: 08-CV-80811-MARRA/JOHNSON

Plaintiff,

vs.

JEFFREY EPSTEIN,

Defendant.

_____/

JANE DOE,                                CASE NO.: 08-CV-80893-MARRA/JOHNSON

     Plaintiff,

vs.

JEFFREY EPSTEIN,

     Defendant.

_____/

JANE DOE NO. II,                         CASE NO.: 08-CV-80469-
                                         MARRA/JOHNSON

     Plaintiff,

vs.

JEFFREY EPSTEIN,

     Defendant.

_____/

JANE DOE NO. 101,                        CASE NO.: 09-CV-80591-
                                         MARRA/JOHNSON

     Plaintiff,

vs.

JEFFREY EPSTEIN,

     Defendant.

_____/

JANE DOE NO. 102,                        CASE NO.: 09-CV-80656-
                                         MARRA/JOHNSON

     Plaintiff,

vs.

JEFFREY EPSTEIN,

      Defendant.

_____/

## PLAINTIFFS JANE DOE NO. 101 AND JANE DOE NO. 102's REPLY TO DEFENDANT JEFFREY EPSTEIN'S RESPONSE TO PLAINTIFFS JANE DOE NO. 101 AND JANE DOE NO. 102'S MOTION FOR A NO-CONTACT ORDER

Plaintiffs, JANE DOE No. 101 and JANE DOE No. 102 (together, the "Plaintiffs"), by and through undersigned counsel, hereby reply to Defendant Jeffrey Epstein's Response to Plaintiffs Jane Doe No. 101 and Jane Doe No. 102's Motion for a No-Contact Order (" Response") as follows:

1.      Plaintiffs have not, and will not, engage in any name-calling.  For purposes of Plaintiffs Jane Doe No. 101 and Jane Doe No. 102's Motion for a No-Contact Order ("Motion"), it does not matter whether "many of the alleged victims . . . were or are admitted prostitutes, dancers at strip clubs . . . or have criminal records or warrants for their arrests . . . ," Def.'s Resp. 4, or whether they were living in a monastery or planning on becoming nuns, lawyers, or judges.  This matter is quite simple:  The allegations are that, when these victims were minors, Defendant sexually exploited, abused, molested, and/or battered them.  Regardless of the victims' character or Defendant's character, it is obvious that Defendant, Jeffrey Epstein, a 55-year-old designated sexual offender and convicted felon, should have no contact with his victims.

2.      Defendant makes much ado that one victim allegedly telephoned Jack Goldberger's office to complain that Mr. Goldberger was holding up the matter.  Def.'s

Resp. 5. We have no reason to doubt the truth of that statement by defense counsel. Unsurprisingly, a 21-year-old homeless, ill, and desperate victim who had waited for settlement funds for seven weeks regretfully may have called Mr. Goldberger's office; but whether she did so has nothing to do with Plaintiffs' Motion. Likewise, if Defendant attempts to telephone undersigned counsel to complain or have any other contact with undersigned counsel, undersigned counsel will handle the matter as professionally as Jack Goldberger did—by refusing to speak to the opposing party.

      3.     The troublesome part of Defendant's position is his counsel's statement in the attached correspondence that, pursuant to Rule 4-4.2 of the Rules of Professional Conduct, "parties to a matter may communicate directly with each other . . . ." In this case, Plaintiffs' counsel are concerned that Defendant or his agents may assert that alleged right, and we vehemently disagree that they should have that prerogative in these Plaintiffs' cases. No legal justification exists for Defendant or his agents to have any direct communications with victims whom Defendant, Jeffrey Epstein, sexually exploited, abused, molested, and/or battered.

      In his Response, *see* Def.'s Resp. 4, and in his letter, counsel for Defendant, Jeffrey Epstein, professes that "it is not Mr. Epstein's intention to have any direct contact with [our] clients." This statement poses two significant problems. First, it leaves the door open for Defendant's investigator(s) or other agent(s) to contact the victims. Such contact would not be direct and would not be inconsistent with his professed intention to refrain from direct contact with his victims. *See, e.g., Cook v. All State Home Mortgage, Inc.*, No. 08-3564, 2009 WL 1391527, at *1 (6th Cir. May 15, 2009) (intimidation of plaintiffs-loan officers with contentious relationship with defendant-mortgage company

through threatening phone calls by defendant's employees considered indirect contact in violation of no-contact order in civil suit claiming violation of Fair Labor Standards Act); *Commonwealth v. Butler*, 661 N.E. 2d 666, 666-67 (Mass. App. Ct. 1996) (defendant's anonymous delivery of flowers to victim considered indirect contact in violation of no-contact order).  Second, Defendant's counsel does not state that Defendant will not have any contact with his victims.  He merely states Defendant's intentions.  Unfortunately, the last five months is replete with other incidents in which Defendant, through his counsel, has stated his intentions and thereafter changed his mind.  Defendant, Jeffrey Epstein, feels free—and actually is free—to change his mind and his stated intentions. His victims deserve more than that.  Because they are traumatized and fearful, they require for their security a firm, unambiguous commitment that Defendant will not directly or indirectly contact either of them; considering the situation, any secure commitment is attainable only via a Court order.  Plaintiffs cannot emotionally afford to be in a position in which Defendant can unilaterally change his mind.

4.     In the event that Defendant wants to be present at the deposition of a Plaintiff or at a Court hearing where a Plaintiff is to attend, the Court can easily resolve such situations at that time.  Meanwhile, the sole purpose of Defendant's refusal to agree to not contact these Plaintiffs is to leave them intimidated and in fear of being in the presence of the man who has sexually exploited, abused, molested, and/or battered them. One would think that, instead, Defendant would have voluntarily agreed with Plaintiffs' prior request to have no contact directly or indirectly, including through his agents, and would want to demonstrate to the Court that he will not contact his victims; his refusal to stay away from them is nothing short of disturbing.

5.      Although not requested, if Defendant's counsel seeks some type of reciprocity, Plaintiffs' counsel would agree in writing, and would not oppose a Court order prohibiting Plaintiffs from contacting Defendant, Jeffrey Epstein.  It is obvious to undersigned counsel that there should be absolutely no contact between the parties to these lawsuits.

WHEREFORE, Plaintiffs request this Court to enter an Order prohibiting Defendant, Jeffrey Epstein, and/or his agents from directly or indirectly contacting them.

Dated:  June 4, 2009.

Respectfully submitted,

PODHURST ORSECK, P.A.
Attorneys for Plaintiffs Jane Doe No.
101 and Jane Doe No. 102

By:     s/ Robert C.  Josefsberg
        Robert C. Josefsberg
        Fla. Bar No. 040856
        rjosefsberg@podhurst.com
        Katherine W. Ezell
        Fla. Bar No. 114771
        kezell@podhurst.com
        City National Bank Building
        25 W. Flagler Street, Ste. 800
        Miami, FL 33130
        Telephone: (305) 358-2800
        Facsimile: (305) 358-2382

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that, on this 4th day of June, 2009, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  We also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

PODHURST ORSECK, P.A.
Attorneys for Plaintiffs Jane Doe No.
101 and Jane Doe No. 102

By:    s/Katherine W. Ezell
       Robert C. Josefsberg
       Fla. Bar No. 040856
       rjosefsberg@podhurst.com
       Katherine W. Ezell
       Fla. Bar No. 114771
       kezell@podhurst.com
       City National Bank Building
       25 W. Flagler Street, Ste. 800
       Miami, FL 33130
       Telephone: (305) 358-2800
       Facsimile: (305) 358-2382

## SERVICE LIST

JANE DOE NO. 2 v. JEFFREY EPSTEIN
Case No. 08-CV-80119-MARRA/JOHNSON
United States District Court, Southern District of Florida

Robert Critton, Esq.
Michael J. Pike, Esq.
Burman, Critton, Luttier & Coleman LLP
515 North Flagler Drive, Suite 400
West Palm Beach, FL 33401
Phone: (561) 842-2820
Fax: (561) 515-3148
rcrit@bclclaw.com
mpike@bclclaw.com
*Counsel for Defendant, Jeffrey Epstein*

Jack Goldberger, Esq.
Atterbury, Goldberger & Weiss, P.A.
250 Australian Avenue South, Suite 1400
West Palm Beach, FL 33401
Phone: (561) 659-8300
Fax: (561) 835-8691
jagesq@bellsouth.net
*Co-Counsel for Defendant, Jeffrey Epstein*

Bruce E. Reinhart, Esq.
Bruce E. Reinhart, P.A.
250 South Australian Avenue, Suite 1400
West Palm Beach, FL 33401
Phone: (561) 202-6360
Fax: (561) 828-0983
ecf@brucereinhartlaw.com
*Counsel for Co-Defendant, Sarah Kellen*

Jack Scarola, Esq.
Jack P. Hill, Esq.
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Phone: (561) 686-6300
Fax: (561) 383-9456
jsx@searcylaw.com
jph@searcylaw.com
*Counsel for Plaintiff C.M.A.*

Adam Horowitz, Esq.
Stuart Mermelstein, Esq.
Mermelstein & Horowitz, P.A.
18205 Biscayne Blvd., Suite 2218
Miami, FL 33160
Phone: (305) 931-2200
Fax: (305) 931-0877
ahorowitz@sexabuseattorney.com
smermelstein@sexabuseattorney.com
*Counsel for Plaintiffs in Related Case Nos. 08-80069, 08-80119,08-80232, 08-80380, 08-80381, 08-80993, 08-80994*

Spencer Todd Kuvin, Esq.
Theodore Jon Leopold, Esq.
Leopold Kuvin, P.A.
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Phone: (561) 515-1400
Fax: (561) 515-1401
skuvin@leopoldkuvin.com
tleopold@leopoldkuvin.com
*Counsel for Plaintiff in Related Case No. 08-08804*

Richard Willits, Esq.
Richard H. Willits, P.A.
2290 10th Ave North, Suite 404
Lake Worth, FL 33461
Phone: (561) 582-7600
Fax: (561) 588-8819
lawyerwillits@aol.com
reelrhw@hotmail.com
*Counsel for Plaintiff in Related Case No. 08-80811*

Brad Edwards, Esq.
Law Office of Brad Edwards & Associates, LLC
2028 Harrison Street, Suite 202
Hollywood, FL 33020
Phone: (954) 414-8033
Fax: (954) 924-1530
bedwards@rra-law.com
be@bradedwardslaw.com
*Counsel for Plaintiff in Related Case No. 08-80893*

Isidro Manuel Garcia, Esq.
Garcia Elkins & Boehringer

224 Datura Avenue, Suite 900
West Palm Beach, FL 33401
Phone: (561) 832-8033
Fax: (561) 832-7137
isidrogarcia@bellsouth.net
*Counsel for Plaintiff in Related Case No. 08-80469*