**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

JANE DOE NO. 2,                          **CASE NO:  08-CV-80119-MARRA/JOHNSON**

       Plaintiff

vs.

JEFFREY EPSTEIN,

       Defendant

_____/

JANE DOE NO. 3,                          **CASE NO:  08-CV-80232-MARRA/JOHNSON**

       Plaintiff

vs.

JEFFREY EPSTEIN,

       Defendant

_____/

JANE DOE NO. 4,                          **CASE NO:  08-CV-80380-MARRA/JOHNSON**

       Plaintiff

vs.

JEFFREY EPSTEIN,

       Defendant

_____/

*CASE NO:  08-CV-80119-MARRA/JOHNSON*

JANE DOE NO. 5,                              **CASE NO:  08-CV-80381-MARRA/JOHNSON**

      Plaintiff

vs.

JEFFREY EPSTEIN,

      Defendant
_____/

JANE DOE NO. 6.                              **CASE NO:  08-CV-80994-MARRA/JOHNSON**

      Plaintiff

vs.

JEFFREY EPSTEIN,

      Defendant
_____/

JANE DOE NO. 7,                              **CASE NO:  08-CV-80993-MARRA/JOHNSON**

      Plaintiff

vs.

JEFFREY EPSTEIN,

      Defendant

_____/

*CASE NO:  08-CV-80119-MARRA/JOHNSON*

**CASE NO:  08-CV-80811-MARRA/JOHNSON**

C.M.A.,

     Plaintiff

vs.

JEFFREY EPSTEIN,

     Defendant

_____/

JANE DOE,                 **CASE NO.  08-CV-80893-CIV-MARRA/JOHNSON**

     Plaintiff,

Vs.

JEFFREY EPSTEIN, et al.

     Defendant.

_____/

DOE II,                  **CASE NO:  09-CV-80469-MARRA/JOHNSON**

     Plaintiff

vs.

JEFFREY EPSTEIN, et al.

     Defendants.

_____/

*CASE NO:  08-CV-80119-MARRA/JOHNSON*

JANE DOE NO. 101,                    **CASE NO:  09-CV-80591-MARRA/JOHNSON**

     Plaintiff

vs.

JEFFREY EPSTEIN,

     Defendant

_____/

JANE DOE NO. 102,                    **CASE NO:  09-CV-80656-MARRA/JOHNSON**

     Plaintiff

vs.

JEFFREY EPSTEIN,

     Defendant

_____/

### PLAINTIFF JANE DOE'S MOTION TO COMPEL ANSWERS TO PLAINTFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

Plaintiff Jane Doe, hereby moves this Court for an order compelling defendant, Jeffrey Epstein, to answer her first requests for admissions or, in the alternative, to prove that his invocation of his Fifth Amendment privilege is proper.

Jane Doe has propounded 23 requests for admission to Epstein, including such straightforward requests as:

- Your net worth is greater than $1 billion.

4

CASE NO:  08-CV-80119-MARRA/JOHNSON

- You own or control, directly or indirectly, real estate property in foreign countries.

- You are moving significant financial assets overseas, outside of the direct territorial reach of the U.S. and Florida Courts.

- You currently have the ability to post a bond of $15 million to satisfy a judgment in this case without financial or other difficulty.

In response to each and every one of these questions, Epstein has given the following response:

> In response, Defendant asserts his U.S. constitutional privileges as specified herein.  I intend to respond to all relevant discovery regarding this lawsuit, however, my attorneys have counseled me that I cannot provide answers to *any* discovery relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation.  Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution.  Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.

This Court should order Epstein to answer all of the requests for admission or, in the alternative, prove that his Fifth Amendment invocations are valid. It is for the court, not the claimant, to determine whether the hazard of incrimination is justified.  *United States v. Argomaniz*, 925 F.2d 1349, 1355 (11th Cir. 1991).  "A court must make a particularized inquiry, deciding, in connection with each specific area that the questioning party wishes to explore, whether or not the privilege is well-founded." *Id.* Typically this is done in an *in camera* proceeding wherein the person asserting the privilege is given the opportunity "to substantiate his claims of the privilege and the

district court is able to consider the questions asked and the documents requested by the summons." *Id.*

Here Epstein has made boilerplate invocation of the Fifth Amendment to each and every question propounded by Jane Doe, including for example a request that he admit that his net worth is more than $500 million.  It is not apparent how admitting his net worth is incriminating in the circumstances of this case.   In any event, the Fifth Amendment does not operate in this fashion. It is Epstein's obligation to explain his claims on a "question-by-question basis." *Id.*

The only issue before the Court is Epstein's Fifth Amendment privilege.  Epstein has only asserted a Fifth Amendment objection to production.  As a result, any other objections to production are deemed waived.  *See* Local Rule 26.1G.3.(a) ("Any ground [for an objection] not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived.").

## SPECIFIC REQUESTS FOR ADMISSION

For the convenience of the court – and in compliance with Local Rule 26.1 H (party filing motion to compel shall list specific requests in succession) – Jane Doe's requests for admission are as follows:

1.  Your net worth is greater than $10 million.

2.  Your net worth is greater than $50 million.

3.  Your net worth is greater than $100 million.

4.  Your net worth is greater than $500 million.

5.  Your net worth is greater than $1 billion.

CASE NO:  08-CV-80119-MARRA/JOHNSON

6.  Since being incarcerated you have, directly or indirectly (through the services or assistance of other persons), conveyed money or assets in an attempt to insulate or protect your money or assets from being captured in any civil lawsuits filed against you.

7.  You own or control, directly or indirectly, real estate property in the Caribbean.

8.  You own or control, directly or indirectly, real estate property in foreign countries.

9.  In the last 2 years you have transferred assets and/or money and/or financial instruments to countries outside the United States.

10.  You have provided financial support to the modeling agency MC2.

11. You have committed sexual assault against Plaintiff, a minor.

12.  You committed battery against Plaintiff.

13.  You digitally penetrated Plaintiff when she was a minor.

14.  You offered Plaintiff more money contingent upon her having sex with your or giving you oral sex.

15.  You intended to harm Plaintiff when you committed these sexual acts against her.

16.  You knew Plaintiff was under the age of 16 when you sexually touched and fondled her.

17.  You intend to hire investigators to intimidate and harass Plaintiff during this litigation.

18.  You were engaged in the act of trafficking minors across state or country borders for the purposes of sex or prostitution between 2000 and the present.

19.  You coerced Plaintiff into being a prostitute and remaining in prostitution.

20.  You are guilty of the following offenses against Jane Doe:

A.  Procuring a minor for the purpose of prostitution as defined in F.S. 796.03;

B.  Battery as defined by Florida Statutes.

C.  Sexual Battery.

21.  You are moving significant financial assets overseas, outside of the direct territorial reach of the U.S. and Florida Courts.

22.  You are making asset transfers with the intent to defeat any judgment that might be entered against you in this or similar cases.

23.  You currently have the ability to post a bond of $15 million to satisfy a judgment in this case without financial or other difficulty.

## CONCLUSION

For all these reasons, the Court should compel Epstein to answer the requests for admission or provide a particularized justification for his Fifth Amendment invocation with regard to each request.  Counsel for Jane Doe have conferred with opposing counsel on the issues raised in this motion, and no resolution was possible.

DATED July 10, 2009                          Respectfully Submitted,

                                             s/ Bradley J. Edwards
                                             Bradley J. Edwards
                                             ROTHSTEIN ROSENFELDT ADLER
                                             Las Olas City Centre
                                             401 East Las Olas Blvd., Suite 1650
                                             Fort Lauderdale, Florida 33301
                                             Telephone (954) 522-3456
                                             Facsimile (954) 527-8663
                                             Florida Bar No.: 542075
                                             E-mail: bedwards@rra-law.com

*CASE NO:  08-CV-80119-MARRA/JOHNSON*

*and*

Paul G. Cassell
Pro Hac Vice
332 S. 1400 E.
Salt Lake City, UT 84112
Telephone:   801-585-5202
Facsimile:   801-585-6833
E-Mail:       cassellp@law.utah.edu

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 10, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically filed Notices of Electronic Filing.

s/ Bradley J. Edwards
Bradley J. Edwards

*CASE NO:  08-CV-80119-MARRA/JOHNSON*

**SERVICE LIST**
**Jane Doe v. Jeffrey Epstein**
**United States District Court, Southern District of Florida**

Jack Alan Goldberger, Esq.
Jgoldberger@agwpa.com

Robert D. Critton, Esq.
rcritton@bclclaw.com

Isidro Manual Garcia
isidrogarcia@bellsouth.net

Jack Patrick Hill
jph@searcylaw.com

Katherine Warthen Ezell
KEzell@podhurst.com

Michael James Pike
MPike@bclclaw.com

Paul G. Cassell
cassellp@bclclaw.com

Richard Horace Willits
lawyerswillits@aol.com

Robert C. Josefsberg
rjosefsberg@podhurst.com

Adam D. Horowitz
ahorowitz@sexabuseattorney.com

Stuart S. Mermelstein
ssm@sexabuseattorney.com

William J. Berger
wberger@rra-law.com