**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

JANE DOE NO. 2,                      **CASE NO: 08-CV-80119-MARRA/JOHNSON**

    Plaintiff

vs.

JEFFREY EPSTEIN,

    Defendant
_____/

JANE DOE NO. 3,                      **CASE NO: 08-CV-80232-MARRA/JOHNSON**

    Plaintiff

vs.

JEFFREY EPSTEIN,

    Defendant
_____/

JANE DOE NO. 4,                      **CASE NO: 08-CV-80380-MARRA/JOHNSON**

    Plaintiff

vs.

JEFFREY EPSTEIN,

    Defendant
_____/

CASE NO: 08-CV-80119-MARRA/JOHNSON

JANE DOE NO. 5,            **CASE NO: 08-CV-80381-MARRA/JOHNSON**

    Plaintiff

vs.

JEFFREY EPSTEIN,

    Defendant
_____/

JANE DOE NO. 6.            **CASE NO: 08-CV-80994-MARRA/JOHNSON**

    Plaintiff

vs.

JEFFREY EPSTEIN,

    Defendant
_____/

JANE DOE NO. 7,            **CASE NO: 08-CV-80993-MARRA/JOHNSON**

    Plaintiff

vs.

JEFFREY EPSTEIN,

    Defendant
_____/

*CASE NO: 08-CV-80119-MARRA/JOHNSON*

**CASE NO: 08-CV-80811-MARRA/JOHNSON**

C.M.A.,

    Plaintiff

vs.

JEFFREY EPSTEIN,

    Defendant
_____/

JANE DOE,                             **CASE NO.  08-CV-80893-CIV-MARRA/JOHNSON**

    Plaintiff,

Vs.

JEFFREY EPSTEIN, et al.

    Defendant.
_____/

DOE II,                                 **CASE NO:  09-CV-80469-MARRA/JOHNSON**

    Plaintiff

vs.

JEFFREY EPSTEIN, et al.

    Defendants.
_____/

CASE NO:  08-CV-80119-MARRA/JOHNSON

JANE DOE NO. 101,   CASE NO:  09-CV-80591-MARRA/JOHNSON

    Plaintiff

vs.

JEFFREY EPSTEIN,

    Defendant
_____/

JANE DOE NO. 102,   CASE NO:  09-CV-80656-MARRA/JOHNSON

    Plaintiff

vs.

JEFFREY EPSTEIN,

    Defendant
_____/

### PLAINTIFF JANE DOE'S MOTION TO COMPEL ANSWERS TO PLAINTFF'S FIRST SET OF INTERROGATORIES

Plaintiff Jane Doe, hereby moves this Court for an order compelling defendant, Jeffrey Epstein, to answer her first set of interrogatories or, in the alternative, to prove that his invocation of his Fifth Amendment privilege is proper.

Jane Doe has propounded 23 interrogatories, including such straightforward requests as:

**Interrogatory No. 2:** Describe financial assets that are under your control, directly or indirectly, including interests in corporations or other business entities.

4

*CASE NO:  08-CV-80119-MARRA/JOHNSON*

**Interrogatory No. 3:**  Describe which financial assets listed in your answer to interrogatory #2 are located outside the 50 states of the United States and where they are located.

**Interrogatory No. 4:**  Describe your net worth, including income and expenses for 2005, 2006, 2007 and 2008.

**Interrogatory No. 5:**  Describe any real property in which you have a total or partial interest, either directly or indirectly.

**Interrogatory No. 7:**  Describe any transfer of assets under your control, either directly or indirectly, to locations outside the 50 United States in 2005, 2006, 2007 and 2008.

**Interrogatory No. 8:**  Describe, with specificity, your travel to locations outside the 50 states of the United states in 2005, 2006, 2007, and 2008, including your dates of travel, location to which you traveled and persons that accompanied you in each such travel.

**Interrogatory No. 11:** Have you heard or do you know about any statement or remark (verbal or written) made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who heard or read it, and the date, time, place and substance of each statement or remark.

**Interrogatory No. 12:** Do you intend to elicit testimony of witnesses other than Plaintiff regarding any statements she has ever made?  If so, what statements do you

5

intend to produce through testimony?  Through which witness do you intend to elicit such statement?  And for what purpose do you intend to admit such statement?

**Interrogatory No. 23:** State the facts upon which you rely for each affirmative defense in your answer.

In response to these interrogatories, Epstein has given the following response (with only slight variations on the overbreadth objection):

> Defendant is asserting specific legal objections to the interrogatories as well as his U.S. constitutional privileges.  I intend to respond to all relevant questions regarding this lawsuit, however, my attorneys have counseled me that I cannot provide answers to any questions relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation.  Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by United States Constitution.  Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.  In addition to and without waiving his constitutional privileges, Defendant objects as the interrogatory is so overbroad and, thus, seeks information that is neither relevant to the subject matter of the pending action nor does it appear reasonably calculated to lead to the discovery of admissible evidence.

This Court should order Epstein to answer all of these interrogatories or, in the alternative, prove that his Fifth Amendment invocations are valid. It is for the court, not the claimant, to determine whether the hazard of incrimination is justified.  *United States v. Argomaniz*, 925 F.2d 1349, 1355 (11th Cir. 1991).  "A court must make a particularized inquiry, deciding, in connection with each specific area that the questioning party wishes to explore, whether or not the privilege is well-founded." *Id.* Typically this is done in an *in camera* proceeding wherein the person asserting the privilege is given the opportunity "to substantiate his claims of the privilege and the

6

district court is able to consider the questions asked and the documents requested by the summons." *Id.*

Here Epstein has made boilerplate invocation of the Fifth Amendment to each and every question propounded by Jane Doe, including for example the question: Do you intend to elicit testimony of witnesses other than Plaintiff regarding any statements she has ever made?  This obviously is not an interrogatory with Fifth Amendment implications.  Nor is Epstein's claim that this interrogatory is somehow "overbroad" or "not calculated to lead to the discovery of admissible evidence" even facially plausible.

Epstein's  "cut and paste" response to the interrogatories also blatantly disregards the requirements for invoking privilege under the Court's local rules.  Local rule 26.1.G very specifically requires the preparation of a privilege log with respect to all documents and oral communications (among other things) that are withheld on the basis of privilege.  Epstein has failed to prepare such a log, making it impossible for Jane Doe to effectively challenge his generic assertions.  The Local Rules do not permit this tactic, and Epstein should be (at a minimum) promptly required to produce a privilege log.

For all these reasons, the Court should compel Epstein to answer the interrogatories or provide a particularized justification for his Fifth Amendment invocation with regard to each request.

It should be noted that the only two grounds on which Epstein can refuse to answer the interrogatories are either proof of a valid Fifth Amendment privilege or proof

of a valid overbreadth objection. These are the only two objections Epstein has asserted. As a result, any other objections to production are deemed waived. *See* Local Rule 26.1G.3.(a) ("Any ground [for an objection] not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived.").

## SPECIFIC INTERROGATORIES

For the convenience of the court – and in compliance with Local Rule 26.1 H (party filing motion to compel shall list specific requests in succession) – Jane Doe's interrogatories are as follows:

1. What is the full name and Florida address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

    [Note: This is the only interrogatory Epstein answered in any way.]

2. Describe financial assets that are under your control, directly or indirectly, including interests in corporations or other business entities.

    Defendant is asserting specific legal objections to the interrogatories as well as his U.S. constitutional privileges. I intend to respond to all relevant questions regarding this lawsuit, however, my attorneys have counseled me that I cannot provide answers to any questions relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation. Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by United States Constitution. Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution. In addition to and without waiving his constitutional privileges, Defendant objects as the interrogatory is so overbroad and, thus, seeks information that is neither relevant to the subject matter of the pending action nor does it appear reasonably calculated to lead to the discovery of admissible evidence.

3. Describe which financial assets listed in your answer to interrogatory #2 that are located outside the 50 states of the United States and where they are located.

Defendant is asserting specific legal objections to the interrogatories as well as his U.S. constitutional privileges. I intend to respond to all relevant questions regarding this lawsuit, however, my attorneys have counseled me that I cannot provide answers to any questions relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation. Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by United States Constitution. Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution. In addition to and without waiving his constitutional privileges, Defendant objects as the interrogatory is so overbroad and, thus, seeks information that is neither relevant to the subject matter of the pending action nor does it appear reasonably calculated to lead to the discovery of admissible evidence.

4. Describe your net worth, including income and expenses for 2005, 2006, 2007, and 2008.

Defendant is asserting specific legal objections to the interrogatories as well as his U.S. constitutional privileges. I intend to respond to all relevant questions regarding this lawsuit, however, my attorneys have counseled me that I cannot provide answers to any questions relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation. Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by United States Constitution. Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution. In addition to and without waiving his constitutional privileges, Defendant objects as the interrogatory is so overbroad and, thus, seeks information that is neither relevant to the subject matter of the pending action nor does it appear reasonably calculated to lead to the discovery of admissible evidence.

5. Describe any real property in which you have a total or partial ownership interest, either directly or indirectly.

Defendant is asserting specific legal objections to the interrogatories as well as his U.S. constitutional privileges. I intend to respond to all relevant questions regarding this lawsuit, however, my attorneys have counseled

9

me that I cannot provide answers to any questions relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation. Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by United States Constitution. Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution. In addition to and without waiving his constitutional privileges, Defendant objects as the interrogatory is so overbroad and, thus, seeks information that is neither relevant to the subject matter of the pending action nor does it appear reasonably calculated to lead to the discovery of admissible evidence.

6. Describe which real properties listed in your answer to interrogatory #5 are located outside the 50 United States and where the properties are located.

   Defendant is asserting specific legal objections to the interrogatories as well as his U.S. constitutional privileges. I intend to respond to all relevant questions regarding this lawsuit, however, my attorneys have counseled me that I cannot provide answers to any questions relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation. Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by United States Constitution. Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution. In addition to and without waiving his constitutional privileges, Defendant objects as the interrogatory is so overbroad and, thus, seeks information that is neither relevant to the subject matter of the pending action nor does it appear reasonably calculated to lead to the discovery of admissible evidence.

7. Describe any transfer of assets under [y]our control, either directly or indirectly, to locations outside the 50 United States in 2005, 2006, 2007, and 2008.

   Defendant is asserting specific legal objections to the interrogatories as well as his U.S. constitutional privileges. I intend to respond to all relevant questions regarding this lawsuit, however, my attorneys have counseled me that I cannot provide answers to any questions relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation. Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by United States Constitution. Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my

constitutional rights, would be unreasonable, and would therefore violate the Constitution.  In addition to and without waiving his constitutional privileges, Defendant objects as the interrogatory is so overbroad and, thus, seeks information that is neither relevant to the subject matter of the pending action nor does it appear reasonably calculated to lead to the discovery of admissible evidence.

8.  Describe, with specificity, your travel to locations outside the 50 states of the United States in 2005, 2006, 2007, and 2008, including your dates of travel, location to which you traveled and persons that accompanied you in each such travel.

    Defendant is asserting specific legal objections to the interrogatories as well as his U.S. constitutional privileges.  I intend to respond to all relevant questions regarding this lawsuit, however, my attorneys have counseled me that I cannot provide answers to any questions relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation.  Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by United States Constitution.  Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.  In addition to and without waiving his constitutional privileges, Defendant objects as the interrogatory is so overbroad and, thus, seeks information that is neither relevant to the subject matter of the pending action nor does it appear reasonably calculated to lead to the discovery of admissible evidence.

9.  List each telephone number used by you or your assistants to call minor females directly, or indirectly, for the purpose of scheduling a massage to take place at your house located at 358 El Brillo Way, West Palm Beach (includes landlines, cell phones, and private jet or airplane lines).  For each cell phone, list the provider.

    Defendant is asserting specific legal objections to the interrogatories as well as his U.S. constitutional privileges.  I intend to respond to all relevant questions regarding this lawsuit, however, my attorneys have counseled me that I cannot provide answers to any questions relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation.  Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by United States Constitution.  Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my

      constitutional rights, would be unreasonable, and would therefore violate the Constitution.

10. List the last known name, address and telephone numbers of all persons that may have any knowledge about any of the allegations in the Complaint, including, but not limited to, friends, acquaintances, employees, or others to whom you have spoken about the subject matter which forms the basis of this Complaint or who have observed such activity.

    Defendant is asserting specific legal objections to the interrogatories as well as his U.S. constitutional privileges. I intend to respond to all relevant questions regarding this lawsuit, however, my attorneys have counseled me that I cannot provide answers to any questions relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation. Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by United States Constitution. Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution. In addition to and without waiving his constitutional privileges, Defendant objects as the interrogatory is so overbroad and, thus, seeks information that is neither relevant to the subject matter of the pending action nor does it appear reasonably calculated to lead to the discovery of admissible evidence. The scope of the information is so overbroad that it also includes information that is attorney-client and work-product privileged.

11. Have you heard or do you know about any statement or remark (verbal or written) made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person wo made the statement or remark, the name and address of each person who heard or read it, and the date, time, place and substance of each statement or remark.

    Defendant is asserting specific legal objections to the interrogatories as well as his U.S. constitutional privileges. I intend to respond to all relevant questions regarding this lawsuit,, however, my attorneys have counseled me that I cannot provide answers to any questions relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation. Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by United States Constitution. Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate

the Constitution. In addition to and without waiving his constitutional privileges, Defendant objects as the interrogatory is so overbroad and, thus, seeks information that is neither relevant to the subject matter of the pending action nor does it appear reasonably calculated to lead to the discovery of admissible evidence. The scope of the information is so overbroad that it also includes information that is attorney-client and work-product privileged.

12. Do you intend to elicit testimony of witnesses other than Plaintiff regarding any statements she has ever made? If so, what statements do you intend to produce through testimony? Through which witness do you intend to elicit such statement? And for what purpose do you intend to admit such statement?

Defendant is asserting specific legal objections to the interrogatories as well as his U.S. constitutional privileges. I intend to respond to all relevant questions regarding this lawsuit, however, my attorneys have counseled me that I cannot provide answers to any questions relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation. Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by United States Constitution. Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution. In addition to and without waiving his constitutional privileges, Defendant objects as the interrogatory is so overbroad and, thus, seeks information that is neither relevant to the subject matter of the pending action nor does it appear reasonably calculated to lead to the discovery of admissible evidence. Additionally, work-product and attorney-client.

13. Are you transferring, or do you plan to, or might you transfer money or assets out of the country during the course of this litigation?

Defendant is asserting specific legal objections to the interrogatories as well as his U.S. constitutional privileges. I intend to respond to all relevant questions regarding this lawsuit, however, my attorneys have counseled me that I cannot provide answers to any questions relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation. Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by United States Constitution. Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution. In addition to and without waiving his constitutional privileges, Defendant objects as the interrogatory is so overbroad and,

thus, seeks information that is neither relevant to the subject matter of the pending action nor does it appear reasonably calculated to lead to the discovery of admissible evidence.

14. Describe each property owned by you, including location, approximate value, and whether there is a mortgage on the property and the amount of any such mortgage.

    Defendant is asserting specific legal objections to the interrogatories as well as his U.S. constitutional privileges. I intend to respond to all relevant questions regarding this lawsuit, however, my attorneys have counseled me that I cannot provide answers to any questions relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation. Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by United States Constitution. Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution. In addition to and without waiving his constitutional privileges, Defendant objects as the interrogatory is so overbroad and, thus, seeks information that is neither relevant to the subject matter of the pending action nor does it appear reasonably calculated to lead to the discovery of admissible evidence.

15. Describe with specificity the amount of money available to you in cash or that can be readily liquidated as such. Include the bank financial institution, holding company, or other location of this money and the name of the account.

    Defendant is asserting specific legal objections to the interrogatories as well as his U.S. constitutional privileges. I intend to respond to all relevant questions regarding this lawsuit, however, my attorneys have counseled me that I cannot provide answers to any questions relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation. Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by United States Constitution. Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution. In addition to and without waiving his constitutional privileges, Defendant objects as the interrogatory is so overbroad and, thus, seeks information that is neither relevant to the subject matter of the pending action nor does it appear reasonably calculated to lead to the discovery of admissible evidence.

16. State with as much specificity as possible when you met the Plaintiff, and including in your answer the following: (a) the circumstances and location of how and where you met (b) describe the nature of your relationship, (c) describe how many occasions she was with you at your residence located at 358 El Brillo Way in Palm Beach, Florida.

    Defendant is asserting specific legal objections to the interrogatories as well as his U.S. constitutional privileges. I intend to respond to all relevant questions regarding this lawsuit, however, my attorneys have counseled me that I cannot provide answers to any questions relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation. Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by United States Constitution. Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.

17. Provide the names, addresses, and phone numbers of all your current accountants, financial planners or money managers handling, or assisting in the handling, of your money or assets.

    Defendant is asserting specific legal objections to the interrogatories as well as his U.S. constitutional privileges. I intend to respond to all relevant questions regarding this lawsuit, however, my attorneys have counseled me that I cannot provide answers to any questions relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation. Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by United States Constitution. Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution. In addition to and without waiving his constitutional privileges, Defendant objects as the interrogatory is so overbroad and, thus, seeks information that is neither relevant to the subject matter of the pending action nor does it appear reasonably calculated to lead to the discovery of admissible evidence.

18. Did you ever ask the Plaintiff to introduce you to minor females and/or to bring minor females to your house in Palm Beach, Florida and if so, when did this occur, and what was she asked by you to do, and what did you tell her about the reason for her to bring these other minor girls?

    Defendant is asserting specific legal objections to the interrogatories as well as his U.S. constitutional privileges. I intend to respond to all relevant questions regarding this lawsuit, however, my attorneys have counseled me that I cannot provide answers to any questions relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation. Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by United States Constitution. Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.

19. Did you ever engage in sexual activity of any kind whatsoever with the Plaintiff, and including in your answer what type of sexual activity took place, where it took place, and the dates or general timeframe when this activity occurred.

    Defendant is asserting specific legal objections to the interrogatories as well as his U.S. constitutional privileges. I intend to respond to all relevant questions regarding this lawsuit, however, my attorneys have counseled me that I cannot provide answers to any questions relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation. Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by United States Constitution. Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.

20. Were there parameters or instructions by you to the Plaintiff as to the types of girls to bring to your Palm Beach, Florida house, including age, range, what they would be asked to do, body type or socio-economic background?

    Defendant is asserting specific legal objections to the interrogatories as well as his U.S. constitutional privileges. I intend to respond to all relevant questions regarding this lawsuit, however, my attorneys have counseled me that I cannot provide answers to any questions relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation. Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by United States Constitution. Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.

21. Describe any words or actions that you made to assure the Plaintiff that sexual activity with you was proper[] or appropriate?

Defendant is asserting specific legal objections to the interrogatories as well as his U.S. constitutional privileges. I intend to respond to all relevant questions regarding this lawsuit, however, my attorneys have counseled me that I cannot provide answers to any questions relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation. Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by United States Constitution. Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.

22. Describe what age you thought the Plaintiff was when you first had sexual activity with her, including your reasons for that belief.

Defendant is asserting specific legal objections to the interrogatories as well as his U.S. constitutional privileges. I intend to respond to all relevant questions regarding this lawsuit, however, my attorneys have counseled me that I cannot provide answers to any questions relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation. Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by United States Constitution. Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution.

23. State the facts upon which you rely for each affirmative defense in your answer.

Defendant is asserting specific legal objections to the interrogatories as well as his U.S. constitutional privileges. I intend to respond to all relevant questions regarding this lawsuit, however, my attorneys have counseled me that I cannot provide answers to any questions relevant to this lawsuit and I must accept this advice or risk losing my Sixth Amendment right to effective representation. Accordingly, I assert my federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments as guaranteed by United States Constitution. Drawing an adverse inference under these circumstances would unconstitutionally burden my exercise of my constitutional rights, would be unreasonable, and would therefore violate the Constitution. In addition to and without waiving his constitutional privileges, Defendant objects as the interrogatory is so overbroad and,

thus, seeks information that is neither relevant to the subject matter of the pending action nor does it appear reasonably calculated to lead to the discovery of admissible evidence. No answer has yet been filed, so not applicable.

## CONCLUSION

For all these reasons, the Court should compel Epstein to answer the interrogatories or provide a particularized justification for his Fifth Amendment invocation with regard to each request. Epstein should also be required to produce a privilege log. Counsel for Jane Doe have conferred with opposing counsel on the issues raised in this motion, and no resolution was possible.

DATED July 10, 2009

                                              Respectfully Submitted,

                                              s/ Bradley J. Edwards
                                              Bradley J. Edwards
                                              ROTHSTEIN ROSENFELDT ADLER
                                              Las Olas City Centre
                                              401 East Las Olas Blvd., Suite 1650
                                              Fort Lauderdale, Florida 33301
                                              Telephone (954) 522-3456
                                              Facsimile (954) 527-8663
                                              Florida Bar No.: 542075
                                              E-mail: bedwards@rra-law.com

                                              *and*

                                              Paul G. Cassell
                                              Pro Hac Vice
                                              332 S. 1400 E.
                                              Salt Lake City, UT 84112
                                              Telephone:  801-585-5202
                                              Facsimile:   801-585-6833
                                              E-Mail:       cassellp@law.utah.edu

CASE NO: 08-CV-80119-MARRA/JOHNSON

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 10, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically filed Notices of Electronic Filing.

s/ Bradley J. Edwards
Bradley J. Edwards

CASE NO:  08-CV-80119-MARRA/JOHNSON

# SERVICE LIST
## Jane Doe v. Jeffrey Epstein
### United States District Court, Southern District of Florida

Jack Alan Goldberger, Esq.
Jgoldberger@agwpa.com

Robert D. Critton, Esq.
rcritton@bclclaw.com

Isidro Manual Garcia
isidrogarcia@bellsouth.net

Jack Patrick Hill
iph@searcylaw.com

Katherine Warthen Ezell
KEzell@podhurst.com

Michael James Pike
MPike@bclclaw.com

Paul G. Cassell
cassellp@bclclaw.com

Richard Horace Willits
lawyerswillits@aol.com

Robert C. Josefsberg
rjosefsberg@podhurst.com

Adam D. Horowitz
ahorowitz@sexabuseattorney.com

Stuart S. Mermelstein
ssm@sexabuseattorney.com

William J. Berger
wberger@rra-law.com