UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JANE DOE NO. 2,                               CASE NO.: 08-CV-80119-MARRA/JOHNSON

    Plaintiff,

vs.

JEFFREY EPSTEIN,

    Defendant.
_____/

JANE DOE NO. 3,                               CASE NO.: 08-CV-80232-MARRA/JOHNSON

    Plaintiff,

vs.

JEFFREY EPSTEIN,

    Defendant.
_____/

JANE DOE NO. 4,                               CASE NO.: 08-CV-80380-MARRA/JOHNSON

    Plaintiff,

vs.

JEFFREY EPSTEIN,

    Defendant.
_____/

JANE DOE NO. 5,                               CASE NO.: 08-CV-80381-MARRA/JOHNSON

    Plaintiff,


EXHIBIT "A"

vs.

JEFFREY EPSTEIN,

    Defendant.
_____/

JANE DOE NO. 6,                    CASE NO.: 08-CV-80994-MARRA/JOHNSON

    Plaintiff,

vs.

JEFFREY EPSTEIN,

    Defendant.
_____/

JANE DOE NO. 7,                    CASE NO.: 08-CV-80993-MARRA/JOHNSON

    Plaintiff,

vs.

JEFFREY EPSTEIN,

    Defendant.
_____/

C.M.A.,                             CASE NO.: 08-CV-80811-MARRA/JOHNSON

    Plaintiff,

vs.

JEFFREY EPSTEIN,

    Defendant.
_____/

| | |
|---|---|
| JANE DOE, | CASE NO.: 08-CV-80893-MARRA/JOHNSON |
| Plaintiff, | |
| vs. | |
| JEFFREY EPSTEIN, | |
| Defendant. | |
| _____/ | |
| JANE DOE NO. II, | CASE NO.: 08-CV-80469-MARRA/JOHNSON |
| Plaintiff, | |
| vs. | |
| JEFFREY EPSTEIN, | |
| Defendant. | |
| _____/ | |
| JANE DOE NO. 101, | CASE NO.: 09-CV-80591-MARRA/JOHNSON |
| Plaintiff, | |
| vs. | |
| JEFFREY EPSTEIN, | |
| Defendant. | |
| _____/ | |
| JANE DOE NO. 102, | CASE NO.: 09-CV-80656-MARRA/JOHNSON |
| Plaintiff, | |
| vs. | |

JEFFREY EPSTEIN,

    Defendant.
_____/

## ORDER

    THIS CAUSE comes before the Court on Plaintiffs Jane Doe No. 101 and Jane Doe No. 102's Motion for an Order for the Preservation of Evidence and Incorporated Memorandum of Law (DE #114), filed May 26, 2009, and this court's order (DE #192). The parties having agreed and the Court having carefully considered the motion and being otherwise fully advised in the premises.

    It is ORDERED AND ADJUDGED that Plaintiffs' Motion (DE # 114) is GRANTED as follows:

A.1    Defendant, Jeffrey Epstein, and such employees and agents (currently under his control) and his attorneys are directed to take every reasonable step to preserve any evidence, resulting from the October 25, 2005 search of his home as set forth in this Court's order (DE #151-2; DE #20 in Case 9:08 –CV-80804-KAM) previously entered.

A.2    Defendant, Jeffrey Epstein, and such employees and agents (currently under his control) and his attorneys are directed to take every reasonable step to preserve any evidence relevant to these cases that have been filed in federal court or that may lead to the discovery of admissible evidence relevant to these cases which includes, documents, data, and tangible things, including, writings; records; files; correspondence; digital or chemical process photographs (including negatives); reports; memoranda; calendars; diaries; minutes; electronic messages; voicemail; e-mail; telephone message records or logs; computer and network activity logs; hard drives;

backup data; removable computer storage media, such as tapes, disks, and cards; printouts; document image files; web pages; databases; spreadsheets; software; books; ledgers; journals; orders; invoices; bills; vouchers; checks; statements; worksheets; summaries; compilations; computations; charts; diagrams; graphic presentations; drawings; films; charts; video, phonographic, tape, or digital recordings or transcripts thereof; drafts; jottings; and notes. Information that serves to identify, locate, or link such material, such as file inventories, file folders, and indices, is also included. Specifically, Defendant must preserve the following evidence as defined herein: records of phone communications; records of domestic and international travel, including travel in Defendant's private airplanes; former and current employee records; tax returns; any document evidencing payment by Defendant of U.S. currency and/or merchandise to each person on the list provided by the United States Attorney's Office ("USAO list"); any evidence stored in Defendant's storage unit; all photographs of the interior and exterior of Defendant's Palm Beach residence as it appeared in 1998 through October 2005; any diary, log, memo pad, calendar, or other writing which reflected the date that each person on the USAO list visited Defendant's residence; any diary or document wherein each person on the USAO list wrote regarding any visit(s) to Defendant's residence; all documents sent by the Palm Beach Police Department ("PBPD"), the FBI, the USAO, or the Palm Beach State Attorney's Office ("PBSAO") to the defendant; and all computers used by Defendant and/or such agents and employees (currently under his control) to the extent the computers have evidence relating to these cases. The time period for the preservation of evidence shall be 1998 – 2002 as it relates to Jane Doe 102; and 2002 through October 25, 2005 as it relates to other persons on the USAO list.

B.      "Evidence" is defined as any document or information that is in the possession, custody or control of the defendant as of the date of this order and that is relevant to these cases or that may lead to the discovery of evidence relevant to these cases. The duty to preserve evidence extends to documents, data, and tangible things in the possession, custody, and/or control of Defendant, Jeffrey Epstein, and such employees or agents (currently under his control) or attorneys who possess materials reasonably anticipated to be subject to discovery in these actions. Counsel for the Defendant shall be directly responsible only to the extent they are in possession or control of evidence. Counsel shall provide a copy of this Order to the Defendant and to those employees or agents whom defense counsel knows or has reason to believe may have evidence.

C.      "Preservation" is to be interpreted broadly to accomplish the goal of maintaining the integrity of all documents, data, and tangible things reasonably anticipated to be subject to discovery in these actions under Rules 26, 45, and 56(e) of the Federal Rules of Civil Procedure.

D.      If an objection or privilege is raised, the parties may raise the issue with this Court in a timely fashion and shall preserve the evidence in question pending resolution by the Court. An agreement to preserve evidence and this Order is not a waiver of any existing or future right to object to production or any constitutional or evidentiary basis.

E.      The parties, without leave of Court, may agree in writing that certain documents or categories of evidence need not be preserved as otherwise required by this Order. If such agreement is reached, such agreement is effective upon signing and without further order of this Court.

F.If this Court determines that evidence has been wrongfully destroyed or lost in violation of this Order, it may impose appropriate sanctions based upon motion and an evidentiary hearing, if necessary.

G.Each party shall bear its own costs for complying with this Order.

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida, this __ of _____, 2009.

_____
KENNETH A. MARRA
United States District Court Judge

Copies to:
All counsel of record