UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JANE DOE NO. 2,                      CASE NO.: 08-CV-80119-MARRA/JOHNSON

        Plaintiff,
vs.

JEFFREY EPSTEIN,

        Defendant.
_____/

JANE DOE NO. 3,                      CASE NO.: 08-CV-80232-MARRA/JOHNSON

        Plaintiff,
vs.

JEFFREY EPSTEIN,

        Defendant.
_____/

JANE DOE NO. 4,                      CASE NO.: 08-CV-80380-MARRA/JOHNSON

        Plaintiff,
vs.

JEFFREY EPSTEIN,

        Defendant.
_____/

JANE DOE NO. 5,                      CASE NO.: 08-CV-80381-MARRA/JOHNSON

        Plaintiff,
vs.

JEFFREY EPSTEIN,

        Defendant.
_____/

JANE DOE NO. 6,             CASE NO.: 08-CV-80994-MARRA/JOHNSON

    Plaintiff,
vs.

JEFFREY EPSTEIN,

    Defendant.
_____/

JANE DOE NO. 7,             CASE NO.: 08- CV-80993-MARRA/JOHNSON

    Plaintiff,
vs.

JEFFREY EPSTEIN,

    Defendant.
_____/

C.M.A.,             CASE NO.: 08- CV-80811 -MARRA/JOHNSON

    Plaintiff,
vs.

JEFFREY EPSTEIN,

    Defendant.
_____/

JANE DOE,             CASE NO.: 08- CV-80893-MARRA/JOHNSON

    Plaintiff,
vs.

JEFFREY EPSTEIN, et al.,

    Defendant.
_____/

DOE II,             CASE NO.: 08-CV- 80469-MARRA/JOHNSON

2

    Plaintiff,

vs.

JEFFREY EPSTEIN et al.,

    Defendant.
_____/

JANE DOE NO. 101,      CASE NO.: 08- CV-80591-MARRA/JOHNSON

    Plaintiff,

vs.

JEFFREY EPSTEIN,

    Defendant.
_____/

JANE DOE NO. 102,      CASE NO.: 08- CV-80656-MARRA/JOHNSON

    Plaintiff,

vs.

JEFFREY EPSTEIN,

    Defendant.
_____/

### PLAINTIFFS JANE DOES' 2- 7 MOTION FOR PROTECTIVE ORDER AND INCORPORATED MEMORANDUM OF LAW

  Plaintiffs, Jane Does 2-7 ("Plaintiffs" or individually, "Plaintiff"), by and through undersigned counsel, hereby file Plaintiffs' Motion for Protective Order, pursuant to S.D.Fla.L.R. 7.1, and state as follows:

  1. Plaintiffs Jane Does 2-7 are proceeding with a Jane Doe pseudonym as this case involves facts of the utmost intimacy and there is a genuine risk of psychological harm if their identities are disclosed.  See Exhibit "A" (Declaration of Gilbert Kliman, M.D.) (See also DE 144, Jane Does' 2-7 Response to Defendant's Motion to Compel Identity, et al.).

3

2. Despite the obvious need for Plaintiffs to have their identities protected, Defendant Jeffrey Epstein has employed investigators who have made repeated contacts with ex-boyfriends, former employers, and others who know nothing of the underlying facts of the case. These investigators have contacted such nonparties asking them for extensive personal information about a Plaintiff, such as names and contact information of former boyfriends and other friends and acquaintances in the Plaintiff's community.

3. The Defendant's repeated contacts with these nonparties is harassing and designed to intimidate the Plaintiffs. The purpose and intent of these contacts is to brand the Plaintiffs as alleged sexual abuse victims to their families, friends and communities.

4. A Motion is pending in which this Court is being asked to determine whether and how Defendant may obtain discovery from nonparties. (DE 91, 144). Defendant's investigative efforts improperly circumvent the issues in the pending Motion, and only serve to highlight the need for this Court to implement appropriate protective measures to prevent Defendant from harassing, intimidating, and intruding unnecessarily into the personal lives of the Plaintiffs.

5. While it is not unusual for a defendant to use appropriate means to obtain records from former employers and others referenced in a plaintiff's discovery responses, it is *not* customary for a defendant to retain private investigators to make personal contact with these individuals. Indeed, this practice is particularly inappropriate in a sexual abuse case where these nonparties are unaware of the underlying abuse. Plaintiffs have a well-grounded fear that the investigators will use the opportunity of their contacts with these nonparties to "out" the Plaintiffs' as alleged childhood sexual abuse victims of Jeffrey Epstein. (See Kliman Decl., Exh. "A" hereto).

6. As an example of the investigators' intimidation tactics, three of Defendant's investigators recently called the former employer of Jane Doe 4 on repeated occasions over a two-day period, asking personal questions about her, including the name and telephone number of her ex-boyfriend. See Exhibit "B", Declaration of Jane Doe 4.

7. Similarly, one of Defendant's investigators contacted the former employer of Jane Doe 6. See Exhibit "C", Declaration of Jane Doe 6.

8. There is no basis for Defendant or his multiple investigators to make repeated personal contacts with former employers and ex-boyfriends to ask personal questions about a Plaintiff. It is apparent that these contacts are not designed to obtain relevant information, but rather are intended to intimidate the Plaintiffs and to reveal that they are childhood sexual abuse victims.

9. Accordingly, Plaintiffs request the entry of a protective order that would prevent Defendant, his attorneys and investigators from making *ex parte* contacts concerning this litigation with nonparties who have no knowledge that a Plaintiff was a childhood sexual abuse victim of Jeffrey Epstein.

10. This Court has discretion to enter a protective order designed to protect a party from, among other things, annoyance or embarrassment. Fed.R.Civ.P. 26(c). As set forth above, given the investigators' conduct, a protective order is appropriate to prevent unnecessary intrusion into the Plaintiffs' personal lives and divulgation of Plaintiffs in their communities as childhood sexual abuse victims.

WHEREFORE, Plaintiffs Jane Does 2-7, respectfully request that this Court grant Plaintiffs' Motion for Protective Order, as follows: (i) order Defendant, his attorneys and investigators to cease making *ex parte* contacts with nonparties identified in plaintiffs' discovery

responses, such as, for example, former employers; (ii) order Defendant, his attorneys and investigators to cease making *ex parte* contacts with nonparties found during the course of discovery or investigation who know the Plaintiff or live in her community, such as, for example, current and former boyfriends and family friends of the Plaintiffs; (iii) order Defendant, his attorneys and investigators to cease making *ex parte* contacts with nonparties who otherwise know one of the Plaintiffs personally but who are unaware that she is an alleged victim of childhood sexual abuse by Jeffrey Epstein; and (iv) grant all such other relief this Court deems just and appropriate.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1.A.3

Undersigned counsel has conferred with Defendant's counsel in a good faith effort to resolve the issues raised in this motion, and has been unable to do so, as Defendant's counsel has advised that Defendant opposes this motion.

Dated: July 29, 2009                    Respectfully submitted,

By:    s/ Adam D. Horowitz
Stuart S. Mermelstein (FL Bar No. 947245)
ssm@sexabuseattorney.com
Adam D. Horowitz (FL Bar No. 376980)
ahorowitz@sexabuseattorney.com
MERMELSTEIN & HOROWITZ, P.A.
*Attorneys for Plaintiffs*
18205 Biscayne Blvd., Suite 2218
Miami, Florida  33160
Tel:  (305) 931-2200
Fax: (305) 931-0877

**CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day to all parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                     /s/ Adam D. Horowitz        .

**SERVICE LIST**
**DOE vs. JEFFREY EPSTEIN**
**United States District Court, Southern District of Florida**

Jack Alan Goldberger, Esq.
jgoldberger@agwpa.com

Robert D. Critton, Esq.
rcritton@bclclaw.com

Bradley James Edwards
bedwards@rra-law.com

Isidro Manuel Garcia
isidrogarcia@bellsouth.net

Jack Patrick Hill
jph@searcylaw.com

Katherine Warthen Ezell
KEzell@podhurst.com

Michael James Pike
MPike@bclclaw.com

Paul G. Cassell
cassellp@law.utah.edu


Richard Horace Willits
lawyerwillits@aol.com

Robert C. Josefsberg
rjosefsberg@podhurst.com


                                                /s/ Adam D. Horowitz