UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-CV-80119-MARRA/JOHNSON

JANE DOE N0. 2.

    Plaintiff,

vs.

JEFFREY EPSTEIN,

    Defendant.
_____/
Related Cases:
08-80232, 08-08380, 08-80381, 08-80994,
08-80993, 08-80811, 08-80893, 09-80469,
09-80591, 09-80656, 09-80802, 09-81092

**PLAINTIFF, CAROLYN M. ANDRIANO'S, RESPONSE TO THIRD PARTY WITNESS, IGOR ZINOVIEW'S, MOTION FOR PROTECTIVE ORDER AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Carolyn M. Andriano, by and through her undersigned counsel, hereby files her Response Third Party Witness, Igor Zinoview's, Motion For Protective Order and Incorporated Memorandum of Law (D.E. 402), and in support thereof states as follows:

1. Third party witness, Igor Zinoview, seeks to have this Court enter an order preventing his deposition from going forward at all, or, in the alternative, limiting the scope of permissible questioning during same. Mr. Zinoview's deposition is presently scheduled to be taken on December 18, 2009.

2. Mr. Zinoview has been employed by Defendant, Jeffrey Epstein, as his "driver, bodyguard, and trainer" since November of 2005. See Affidavit of Igor Zinoview

(D.E. 402) dated November 9, 2009.  Mr. Zinoview argues that his deposition should not go forward as scheduled because Defendant Epstein has never discussed nor attempted to discuss with him "any facts or information related to any legal matters in which he [Jeffrey Epstein] is involved." Id.  From Mr. Zinoview's vague assertion springs the bold yet erroneous argument that "Mr. Zinoview cannot possibly have any knowledge or information that is presently germane to this action."

3. It should initially be noted that a "complete prohibition of a deposition is an extraordinary measure which should be resorted to only in rare occasions." Jennings v. Family Management, 201 F.R.D. 272 (D.D.C. 2001); See also, Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Circ. 1979)(It is very unusual for trial court to prohibit the taking of a deposition altogether, and absent extraordinary circumstances, such order would likely be in error.); Inv. Properties Intern., Ltd. v. IOS, Ltd., 459 F.2d. 705, 708 (2d Circ. 1972)("an order to vacate a notice of taking deposition is generally regarded as both unusual and unfavorable . . . ").  Neither Mr. Zinoview's conclusory affidavit nor his Motion provide anything even approaching the "extraordinary circumstances" necessary to justify the entry of order precluding his deposition from going forward at all.

4. Additionally, Mr. Zinoview's vague assertion that he and Defendant Epstein have never discussed any facts or information related to any legal matters that Mr. Epstein is involved in does not give rise to requisite "extraordinary circumstances" either. Detweiler Bros, Inc. v John Graham and Company, 412 F.Supp. 416 (E.D. Wash, 1976)(Plaintiff could not properly seek to prohibit defendant from deposing plaintiff's employee via a protective order on grounds that employee had no knowledge of matters at issue.) See also, 8 Fed. Prac. & Proc. Civ. §2037, Wright and Miller("A witness

ordinarily cannot escape examination by denying knowledge of any relevant facts, since the party seeking to take the deposition is entitled to test the witness's lack of knowledge.")

5. The undersigned, as well as counsel for all of the other victims of Jeffrey Epstein, are entitled to question and challenge Mr. Zinoview on his purported lack of knowledge. Mr. Zinoview and plaintiffs' counsel very well might have a difference of opinion on what constitutes "facts and information related to any legal matters" in which Defendant Epstein is involved. The victims of Jeffrey Epstein ought not to be forced to accept Mr. Zinoview's opinion as to what constitutes "facts and information related to any legal matters" involving Jeffrey Epstein. Instead, plaintiffs should be able to explore these relevant matters directly with Mr. Zinoview, rather than being forced to rely on his twenty seven (27) word claim of lacking any knowledge.

6. Additionally, Mr. Zinoview worked for Defendant Epstein during portions of the Palm Beach Police Department's months' long investigation which spanned from March 15, 2005 through February 2006 into the illegal sexual contact committed by Defendant Epstein against these minor plaintiffs. Accordingly, Mr. Zinoview certainly might have direct knowledge about what was going on in and around the Epstein residence during the time period in which he was employed by Defendant Epstein as his "driver, bodyguard, and trainer" while his employer was being investigated by law enforcement. Given the Defendant's voracious invocation of his Fifth Amendment privilege, the plaintiffs have consistently been denied the opportunity to seek any relevant information directly from Defendant Epstein himself. Rather, plaintiffs have

been forced to build their cases against Mr. Epstein by other discovery methods, including deposing his employees who may have relevant information.

7.     Third party witness Igor Zinoview has failed to meet his very high burden of establishing "extraordinary circumstances."  Mr. Zinoview has failed to demonstrate the "good cause" required by Rule 26(c) to protect a person from "annoyance, embarrassment, oppression, or undue burden or expense" to overcome the liberal scope of permissible discovery.  The above proposed lines of inquiry of Mr. Zinoview are certainly reasonably calculated to lead to the discovery of admissible evidence. Accordingly, to the extent that it seeks to preclude his deposition from going forward at all, Mr. Zinoview's Motion should be denied

8.     Next, Mr. Zinoview also seeks to prevent questions being posed to him wherein he is first asked to "assume certain facts about which he has no knowledge," and then be asked about his "opinions about certain facts."  First, it remains to be seen exactly what facts about which Mr. Zinoview has no knowledge.  Second, Mr. Zinoview's opinions and beliefs about the factual matters surrounding plaintiffs' claims are relevant to exploring any potential bias and prejudice in favor of his employer and against Defendant Epstein's victims.  For example, if Mr. Zinoview believes that these plaintiffs are simply inventing their claims against his employer that they were sexually victimized by Defendant Epstein while they were minor children, it very well might impact his impartiality as a witness.  Third, the undersigned has no present intention of engaging in this line of questioning unless the proverbial "door" has been opened by Mr. Zinoview first.  Lastly, counsel for Mr. Zinoview is certainly free to invoke the privileges afforded to

him by the applicable procedural rules should he feel that his client is being asked inappropriate questions during the deposition.

9.     In conclusion and for the reasons cited above, Mr. Zinoview's Motion For Protective Order should be denied in its entirety.

WHEREFORE, Plaintiff, Carolyn Margaret Andriano, respectfully requests that this Court deny Third Party Igor Zinoview's Motion For Protective Order.

                                Respectfully submitted,

                                */s/Jack P. Hill*
                                JACK SCAROLA
                                Florida Bar No. 169440
                                JACK P. HILL
                                Florida Bar No.: 0547808
                                Searcy Denney Scarola Barnhart & Shipley, P.A.
                                2139 Palm Beach Lakes Boulevard
                                West Palm Beach, Florida 33409
                                Phone:     (561) 686-6300
                                Fax:        (561) 383-9456
                                Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 28th, 2009, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified below via transmission of Notices of Electronic Filing generated by CM/ECF.

                              */s/Jack P. Hill*
                              Jack Scarola
                              Florida Bar No.:  169440
                              Jack P. Hill
                              Florida Bar No.:  0547808
                              Searcy Denney Scarola Barnhart & Shipley, P.A.
                              2139 Palm Beach Lakes Boulevard
                              West Palm Beach, Florida 33409
                              Phone:      (561) 686-6300
                              Fax:           (561) 383-9424
                              Attorneys for Plaintiff

Certificate of Service
Jane Doe No. 2 v. Jeffrey Epstein
Case No. 08-CV-80119-MARRA/JOHNSON

Stuart S. Mermelstein, Esq.
Adam D. Horowitz, Esq.
Mermelstein & Horowitz, P.A.
18205 Biscayne Boulevard
Suite 2218
Miami, FL 33160
305-931-2200
Fax: 305-931-0877
ssm@sexabuseattorney.com
ahorowitz@sexabuseattorney.com
*Counsel for Plaintiffs
In related Cases Nos. 08-80069, 08-80119,
08-80232, 08-80380, 08-80381, 08-80993,
08-80994*

Richard Horace Willits, Esq.
Richard H. Willits, P.A.
2290 10th Avenue North
Suite 404
Lake Worth, FL 33461
561-582-7600
Fax: 561-588-8819
*Counsel for Plaintiff in Related Case No. 08-80811*
reelrhw@hotmail.com

Jack Scarola, Esq.
Jack P. Hill, Esq.
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, FL 33409
561-686-6300
Fax: 561-383-9424
jsx@searcylaw.com
jph@searcylaw.com
*Counsel for Plaintiff, C.M.A.*

Bruce Reinhart, Esq.
Bruce E. Reinhart, P.A.
250 S. Australian Avenue
Suite 1400
West Palm Beach, FL 33401

Brad Edwards, Esq.
Rothstein Rosenfeldt Adler
401 East Las Olas Boulevard
Suite 1650
Fort Lauderdale, FL 33301
Phone: 954-522-3456
Fax: 954-527-8663
bedwards@rra-law.com
*Counsel for Plaintiff in Related Case No. 08-80893*

Paul G. Cassell, Esq.
*Pro Hac Vice*
332 South 1400 E, Room 101
Salt Lake City, UT 84112
801-585-5202
801-585-6833 Fax
cassellp@law.utah.edu
*Co-counsel for Plaintiff Jane Doe*

Isidro M. Garcia, Esq.
Garcia Law Firm, P.A.
224 Datura Street, Suite 900
West Palm Beach, FL 33401
561-832-7732
561-832-7137 F
isidrogarcia@bellsouth.net
*Counsel for Plaintiff in Related Case No. 08-80469*

Robert C. Josefsberg, Esq.
Katherine W. Ezell, Esq.
Podhurst Orseck, P.A.
25 West Flagler Street, Suite 800
Miami, FL 33130
305 358-2800
Fax: 305 358-2382
rjosefsberg@podhurst.com
kezell@podhurst.com
*Counsel for Plaintiffs in Related Cases Nos. 09-80591 and 09-80656*

Jack Alan Goldberger, Esq.

561-202-6360  
Fax: 561-828-0983  
ecf@brucereinhartlaw.com  
*Counsel for Defendant Sarah Kellen*

Theodore J. Leopold, Esq.  
Spencer T. Kuvin, Esq.  
Leopold, Kuvin, P.A.  
2925 PGA Blvd., Suite 200  
Palm Beach Gardens, FL 33410  
561-684-6500  
Fax: 561-515-2610  
skuvin@leopoldkuvin.com  
*Counsel for Plaintiff in Related Case No. 08-08804*

Atterbury Goldberger & Weiss, P.A.  
250 Australian Avenue South  
Suite 1400  
West Palm Beach, FL 33401-5012  
561-659-8300  
Fax: 561-835-8691  
jagesq@bellsouth.net  
*Counsel for Defendant Jeffrey Epstein*